IN RE PETITION OF BAXTER FOR APPOINTMENT OF COUNSEL

[No. PS 20. Filed December 12, 1969.]

DeBruler, C.J. — On August 14, 1964, Petitioner was charged with Forgery by an affidavit filed in the Lawrence Circuit Court. On October 9, 1964, the Petitioner was first taken before a trial judge and he then requested a continuance of the arraignment so that he could have an opportunity to employ counsel. The court granted a five-day continuance of the arraignment and on October 15, 1964, the Petitioner again appeared in court without counsel. The arraignment was held and the Petitioner plead guilty and was sentenced to two to fourteen years in the Indiana Reformatory.

On May 29, 1968, the Petitioner filed in that same court what was in effect a verified petition to set aside judgment and withdraw his plea of guilty. This petition was prepared by the Petitioner without assistance of counsel while in the Federal Prison at Leavenworth, Kansas, serving a sentence for bank robbery. In his petition, the Petitioner raises several issues, among them, that he was not advised of his right to the appointment of counsel at public expense, and that no hearing was held upon his financial ability to employ private counsel. A hearing was set upon the Petitioner's petition for July 8, 1968, but it, in fact, never took place. On July 26, 1968, the Petitioner filed a second petition in the trial court requesting the court to appoint counsel to represent him and the court then continued the hearing on both petitions until such time as the Petitioner be discharged from his imprisonment at Leavenworth, Kansas.

Thereafter Petitioner filed in this Court copies of his petitions and copies of a federal form notice of appeal from the ruling of the Lawrence Circuit Court to which he attaches a copy of a prison rule signed by the Warden of the Leavenworth, Kansas facility which sets forth the method by which a state can obtain a federal prisoner for trial.

On April 15, 1969, this Court issued an order to the State Public Defender to show cause why he should not represent Petitioner in the Lawrence Circuit Court. The Public De-

fender responded that he would willingly undertake the task if the Court so ordered but that until then he was precluded from doing so by our holding in *Griffith* v. *State* (1964), 247 Ind. 257, 202 N. E. 2d 273. There this Court said:

> "However, from petitioner's petition and other papers filed, it appears that on or about June 3, 1964, petitioner was paroled and is therefore no longer an inmate, pauper or otherwise, of any penal institution of the State. It further appears from said papers that petitioner has voluntarily absented himself from the State of Indiana and the jurisdiction of this Court and that he is presently residing at 821 Fourth Street, in the city of Madison, State of Illinois.
>
> "As this Court's jurisdiction is limited by the territorial boundaries of the State of Indiana and this Court has no authority to appoint counsel to perform duties outside the State of Indiana, the petition for appointment of counsel is now denied."

We do not think that case controls the one before us. In the circumstances of this case we cannot say Baxter is voluntarily out of the State. The Lawrence Circuit Court has jurisdiction of this cause and any ruling by that court would be reviewable in this Court. There is no question of any court extending its authority beyond the territorial limits of the State. The Petitioner may be brought back if necessary according to well known, standard procedures set down by the Federal government.

We do not believe that the mere fact that Petitioner is not in an Indiana prison means that the Public Defender cannot represent him. The Indiana statute says:

> "Prisoners represented after time for appeal expired.— It shall be the duty of the public defender to represent any person in any penal institution of this state who is without sufficient property or funds to employ his own counsel, in any matter in which such person may assert he is unlawfully or illegally imprisoned, after his time for appeal shall have expired." Burns § 13-1402

This statute sets out the minimum duties of the Public Defender. This Court may add such duties as are necessary in

order to make the Public Defender an effective instrument for handling indigent post-conviction remedies. Our new Supreme Court Rule PC-1 contemplates that if Petitioner were out on parole on the forgery charge and was indigent he could have the services of the Public Defender to pursue his remedies under the Rule. It can make no difference that Petitioner is in Federal prison.

The State Public Defender is ordered to represent this Petitioner on his petition in the Lawrence Circuit Court.

Arterburn, Givan, Hunter, and Jackson, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 807.