ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Adam J. Carter
Deputy Public Defender
Indianapolis, IN

# In the
# Indiana Supreme Court

No. 20S00-0511-CR-612

RODNEY D. KLING,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Motion for Writ In Aid of Appellate Jurisdiction
Directed to the Elkhart Superior Court, No. 20D03-0502-PC-3
The Honorable George W. Biddlecome, Judge

On Petition to Transfer Pursuant to Appellate Rule 56(A).

**November 29, 2005**

**Sullivan, Justice.**

Our decision last year in Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004), held that an individual who pleads guilty to an offense in an "open plea" and who challenges the sentence imposed must do so on direct appeal and not by means of a petition for post-conviction relief. Collins has given rise to questions concerning the relative roles and responsibilities of county appellate public defenders and the State Public Defender in handling belated appeals of sentences imposed following open pleas. We address those questions in this opinion.

## Background

Because this case involves the somewhat technical interplay of the procedures for direct and collateral review of criminal convictions and sentences and of the method by which lawyers are provided to indigent persons seeking review, we start with a brief overview of these procedures and methods. We highlight key terms as we go. First, as a general rule, a person convicted and sentenced for a crime has the right to appeal the conviction and sentence to the Court of Appeals and then to this Court. This Court's Rules of Appellate Procedure govern direct appeals, including time deadlines. An indigent person filing such a "<u>direct appeal</u>" has the right to have a lawyer handle the appeal, paid for by the county where convicted. (We will refer to such a lawyer as a "<u>County Appellate Public Defender</u>.") Second, again as a general rule, a person may challenge a conviction or sentence on the basis of issues unknown or not available at trial by filing what is called a "petition for <u>post-conviction relief</u>." This Court's Post-Conviction Rule 1 governs post-conviction proceedings. "Post-conviction" proceedings are often referred to as "<u>collateral review</u>" because they occur by means of filing a new lawsuit. Third, in a typical situation, a convicted and sentenced person who is indigent initiates collateral review by filing a pro se petition for post-conviction relief.[1] As soon as practicable thereafter, the <u>State Public Defender</u> assumes representation, an amended petition for post-conviction relief is filed, and the post-conviction proceedings commence in earnest. If post-conviction relief is denied, the State Public Defender continues as the petitioner's lawyer in any appeal. The State Public Defender is paid by the State, not the county.

A special set of rules applies if a convicted and sentenced person does not file a direct appeal on a timely basis. This Court's Post-Conviction Rule 2 governs these so-called "<u>belated appeals</u>." Another special set of rules applies if a conviction and sentence are entered following a guilty plea. These rules, enunciated in this Court's opinions, can be summarized for this purpose as follows. A person who pleads guilty cannot challenge the conviction by means of direct appeal but only through a petition for post-conviction relief; one of the things a person gives up by pleading guilty is the right to a direct appeal. <u>Tumulty v. State</u>, 666 N.E.2d 394 (Ind. 1996).

---

[1] Of course, non-indigent post-conviction petitioners are free to proceed pro se or hire private counsel to represent them.

But if, in a guilty plea situation, there is no agreement between the defendant and the State as to the sentence to be imposed – called an "open plea," i.e., one where the judge has discretion as to the sentence to be imposed, the sentence can, indeed must, be challenged (if at all) by means of a direct appeal. Collins v. State, 817 N.E.2d 230 (Ind. 2004).

This case primarily addresses the relative roles and responsibilities of County Appellate Public Defenders and the State Public Defender in handling belated appeals of sentences imposed following open pleas.

Several years ago, Rodney D. Kling and the State entered into an agreement under which he pled guilty to certain offenses. Under the terms of the plea agreement, the sentence was left to the discretion of the trial court – it was an "open plea." Kling did not challenge the sentence by means of a direct appeal. He later filed a petition for post-conviction relief under P-C.R. 1 that included a challenge to his sentence as "erroneous." Still later, Kling, represented by the State Public Defender, sought to withdraw his petition for post-conviction relief without prejudice and requested appointment of counsel at county expense to investigate and pursue a belated direct appeal. The Elkhart Superior Court No. 3 granted Kling's request to withdraw his P-C.R. 1 petition without prejudice but denied his request for appointment of counsel at county expense to pursue relief under P-C.R. 2. On Kling's behalf, the State Public Defender requests (1) an order from this Court requiring the appointment of counsel for him at local expense so he can pursue proceedings under P-C.R. 2, and (2) an order generally applicable to all cases in a similar procedural posture directing that counsel be appointed at local expense to pursue proceedings under P-C.R. 2.[2]

---

[2] Kling's papers filed with our Court are entitled, "Verified Motion, Pursuant To Ind. Appellate Rule 56, Requesting Indiana Supreme Court To Accept Jurisdiction Of The Verified Motion For A Writ In Aid Of Appellate Jurisdiction And Motion For Instructions On How To Proceed Pursuant To Collins v. State." As such, Kling seeks transfer under Indiana Appellate Rule 56(A), which allows this Court to accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals, if the appeal involves a substantial question of law of great public importance and an emergency exists requiring the question's speedy determination. Although Kling has not initiated an appeal, this Court may assume jurisdiction to "provid[e] guidance on important procedural questions" even when the transfer petition does not fit within the requirements of the Appellate Rules. See Tyson v. State, 593 N.E.2d 175, 180 (Ind. 1992). We grant transfer for that limited purpose here.

3

In support of Kling's second request, his papers filed in this Court are accompanied by materials from several other cases raising the same or similar issues. One is a copy of a March 24, 2005, order from the Marion Superior Court, Criminal Division No. 6, in <u>James Frazier v. State</u>, No. 49G06-0403-PC-042001. Frazier failed to file a direct appeal and later filed a P-C.R. 1 petition raising several challenges to his guilty plea but no claim regarding his sentence. Later, Frazier, represented by the State Public Defender, asked the post-conviction court to dismiss without prejudice his pending P-C.R. 1 petition and appoint counsel at county expense to investigate and pursue relief under P-C.R. 2. The trial court in <u>Frazier</u> directed the State Public Defender to confer with the Appellate Division of the Marion County Public Defender Agency (whose attorney would represent Frazier in a direct appeal) to ascertain whether it was in Frazier's best interest to delay litigation of his P-C.R. 1 petition in exchange for pursuing a belated appeal of his sentence under P-C.R. 2. At our invitation, the judge in Frazier's case, the Honorable Judge Jane Magnus-Stinson, submitted additional information relating to Frazier's case.[3] The materials submitted by Judge Magnus-Stinson have been helpful to the Court and we express our appreciation to her.

## Discussion

The issues raised here derive from our decision referred to above, <u>Collins v. State</u>.[4] Prior to <u>Collins</u>, there was a split in authority over whether the proper procedure to challenge a sen-

---

[3] Among the additional information was a May 18, 2005, order indicating that Kling's counsel had not complied with the directive in the March 24, 2005, order requiring a conference between counsel. The May 18, 2005, order also denied Frazier's motion to dismiss his P-C.R. 1 petition and appoint counsel at local expense. The Deputy State Public Defender representing Kling filed a response with this Court admitting he did not confer with the Marion County Public Defender Agency before the trial court's May 18, 2005, order.

[4] Another issue <u>Collins</u> left open is whether a plea agreement with a term capping the judge's sentencing discretion to within a particular sentencing range (thereby guaranteeing the defendant something less than the maximum possible sentence) is, like a plea agreement that contains no term regarding sentencing, an "open plea," the sentence for which may be appealed. <u>See</u> <u>Young v. State</u>, 826 N.E.2d 665 (Ind. Ct. App. 2005) (acknowledging a difference of opinion in Court of Appeals' opinions whether a defendant who enters a plea agreement with sentencing cap may later challenge the appropriateness of a sentence that does not exceed the cap), <u>vacated by transfer grant</u>. On September 28, 2005, we heard oral argument and granted transfer in two cases raising that issue, and they remain pending as of the date of this opinion. <u>See</u> <u>Gary L. Carroll v. State</u>, No. 61A04-0409-CR-483, slip op. (Ind. Ct. App. May 4, 2005) (unpublished), <u>vacated</u>; <u>Roger D. Childress v. State</u>, No. 61A01-0409-CR-391, slip op. (Ind. Ct. App. April 14, 2005) (unpublished), <u>vacated</u>.

4

tence imposed upon an "open plea" of guilt was by means of a direct appeal or by means of collateral review under P-C.R. 1. <u>Collins</u> decided the issue by holding that the proper procedure for challenging such a sentence is to file a direct appeal or, if the time for filing a direct appeal has run, to seek permission to file a belated direct appeal under P-C.R. 2. <u>Id.</u> at 231. (Because Collins's challenge to his sentence had been brought under P-C.R. 1, we remanded his case to the post-conviction court with instructions to vacate its order denying Collins's P-C.R. 1 petition and dismiss that petition without prejudice to any right Collins might have to file a belated appeal under P-C.R. 2. <u>Id.</u>)

Now that it is clear that a sentence imposed upon an open plea must be challenged, if at all, on direct appeal, the State Public Defender takes the position that she has no role or responsibility with respect to such an appeal because her sole duty is to provide representation to indigent inmates seeking post-conviction relief. She first points out that Indiana Code § 33-40-1-2(a) provides that the State Public Defender shall represent an indigent person who is confined in a penal institution in Indiana or committed to the Department of Correction on a criminal conviction or delinquency adjudication "in a postconviction proceeding testing the legality of the person's conviction, commitment, or confinement, if the time for appeal has expired." Our own rule, she adds, also designates the State Public Defender as the attorney available for indigent inmates who request the assistance of counsel in pursuing relief under P-C.R. 1. <u>See</u> P-C.R. 1, § 9(a). On the other hand, her argument continues, when an indigent defendant in a criminal case requests the assistance of counsel in filing a direct appeal of his conviction or sentence, it is the trial court's responsibility to arrange for, and the county's responsibility to fund, counsel to assist the defendant in taking that appeal. <u>See</u> Ind. Code § 33-40-2-1 <u>et seq.</u>; <u>State ex rel. White v. Hilgemann</u>, 218 Ind. 572, 34 N.E.2d 129 (1941).

We agree that an indigent person who is convicted and sentenced and desires to appeal is entitled to the assistance of counsel in pursuing that appeal. In the ordinary case, the trial court

5

should arrange for the appointment of counsel, at local (county) expense,[5] if the indigent defendant requests the assistance of counsel in pursuing an appeal.

But the State Public Defender's argument goes further. She contends that she has no role or responsibility in respect to a person sentenced under an open plea until the possibility of a sentencing claim has been investigated and, if one exists, pursued on direct appeal. She maintains that she cannot seek collateral review on behalf of a person sentenced under an open plea until the possibility of a sentencing claim has been investigated by a County Appellate Public Defender and, if a claim exists, pursued on direct appeal; and that if she has taken on representation of a person so sentenced where the possibility has not been investigated (or, in the course of her representation, has been discovered), she must seek dismissal and appointment of a County Appellate Public Defender.

We have a different view. We hold when the State Public Defender represents a petitioner in a P-C.R. 1 proceeding, the State Public Defender, following her review the record, must consult with her client regarding both the issues that may be raised in a P-C.R. 1 petition and those that may be pursued only through a belated direct appeal. This process should involve some assessment of the relative chances for success in each proceeding, including some consideration whether the client would likely be able to meet the burden of proving lack of fault and diligence under P-C.R. 2.[6]

After such consultation and evaluation, the client will be in a position to make an informed decision about whether to proceed under P-C.R. 1 or P-C.R. 2. <u>See</u> Ind. Professional

---

[5] We use the phrase "local expense" even though qualifying counties have the opportunity to seek reimbursement, through Public Defense Fund established in Indiana Code chapter 33-40-6, for a portion of the cost of providing legal representation for indigent defendants.

[6] Post-Conviction Rule 2(1) provides in part:
> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
> > (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> > (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
> The trial court shall consider the above factors in ruling on the petition.

Conduct Rule 1.4 (Communication) cmt. 5 ("The client should have sufficient information to participate intelligently in decisions concerning the objective of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so."). In this respect, the responsibility of the State Public Defender is the same as in other kinds of cases, including, for example, those in which a person is found guilty after a trial, fails to appeal, and thereafter files a P-C.R. 1 petition.

If a person so advised by the State Public Defender decides to seek relief immediately under P-C.R. 2 and dismiss the P-C.R. 1 proceeding, the State Public Defender should represent the defendant in filing that P-C.R. 2 petition, at any hearing on that petition, and, if relief is denied, in the appeal of that decision. (This responsibility does not obtain where the State Public Defender determines that a sentence being challenged has no penal consequences or where a P-C.R. 2 petition is not meritorious or in the interest of justice. Cf. P-C.R. 1, § 9(a) & (c). If the State Public Defender does not appear in connection with the P-C.R. 2 petition after making such a determination, the petitioner retains the right to proceed pro se on the P-C.R. 2 petition.[7]) In any event, if the trial court grants permission to file a belated notice of appeal or belated motion to correct error, or if an appellate court grants a person permission to file a belated appeal or reverses the trial court and orders the trial court to grant relief under P-C.R. 2, it would then become the duty of the trial court to appoint a County Appellate Public Defender to perfect the direct appeal or litigate the belated motion to correct errors.

The State Public Defender contends that she cannot represent Kling at state expense in connection with a P-C.R. 2 proceeding because if Kling is entitled to relief under that rule, the time for appeal has not expired within the meaning the statute defining the State Public Defender's duties, Indiana Code § 33-40-1-2. However, "[t]he time for appeal which the legislature had in mind in this statute is the time allowed in the course of ordinary procedure." State ex rel. Walker v. Youngblood, 225 Ind. 375, 75 N.E.2d 551 (1947). The relief available through P-C.R. 2 is available only when, in the course of ordinary procedure, the time has expired for filing a notice of appeal or a motion to correct errors or perfecting an appeal. In any event, this statute

---

[7] Again, non-indigent post-conviction petitioners are free to proceed pro se or hire private counsel to represent them.

7

defining the State Public Defender's duties to represent indigent inmates sets out the minimum duties and this Court "may add such duties as are necessary in order to make the Public Defender an effective instrument for handling post-conviction remedies." In re Baxter, 254 Ind. 1, 252 N.E.2d 807, 808 (1969).

Transferring the representation from the State Public Defender to a County Appellate Public Defender at the point when relief is granted under P-C.R. 2 appears consistent with the authority Kling himself cites. In Courtney C. Dixie v. State, No. 02A03-9009-CR-396, the State Public Defender filed on Dixie's behalf a petition for permission to file a belated appeal along with a request for an order directing the trial court to appoint a County Appellate Public Defender, alleging that the State Public Defender was not statutorily authorized to represent an indigent defendant on direct appeal absent a formal appointment by the trial court. The Court of Appeals granted Dixie permission to file a belated appeal and then directed the trial court to appoint counsel to pursue a direct appeal on Dixie's behalf.

Dixie is not the only case in which the State Public Defender has represented persons seeking relief under P-C.R. 2. See, e.g., Pike v. State, 569 N.E.2d 650 (Ind. 1991) (noting State Public Defender represented defendant in appeal from trial court's denial of his motion for permission to file belated motion to correct errors); James v. State, 541 N.E.2d 264 (Ind. 1989) (noting State Public Defender filed a petition for permission to file a belated motion to correct errors on defendant's behalf and represented him on appeal from the trial court's denial of that petition); Clark v. State, 506 N.E.2d 819 (Ind. 1987) (same).

We also decline Kling's invitation to decide, in a one-size-fits-all manner, whether any person who elects to continue litigating a P-C.R. 1 petition — with potential claims presentable only in a direct appeal waiting in the wings — will later be able to demonstrate diligence as part of a possible P-C.R. 2 proceeding. The factual determination of diligence is one for the trial court or appropriate appellate court to make in the context of a particular case when P-C.R. 2 relief is sought. However, as a general matter, electing to proceed first on a P-C.R.1 claim does not preclude a finding of diligence in a later P-C.R. 2 claim. Nor does the time spent by the State Public Defender investigating a claim count against the defendant when courts consider the issue

8

of diligence under P-C.R. 2.  Finally, with respect to P-C.R. 2 petitions filed by persons sentenced in "open pleas," we think it appropriate for courts to keep in mind that <u>Collins</u> resolved a conflict in earlier Court of Appeals' opinions regarding whether such a defendant could include a sentencing challenge in a P-C.R. 1 petition, <u>see</u> 817 N.E.2d at 231, and some delay may be attributable to the prior uncertainty in the law rather than the defendant's lack of diligence.

## Conclusion

Having granted transfer, we deny Kling's request for a writ in aid of appellate jurisdiction.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.