Joshua P. STANLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A03–0512–CR–600.

Court of Appeals of Indiana.

June 13, 2006.

Anthony S. Churchward, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney. General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

In this belated appeal, Appellant–Defendant Joshua P. Stanley ("Stanley") appeals the trial court's determination that he is a habitual offender—a determination that resulted in the imposition of a fifteen-year sentencing enhancement. Because Stanley's appeal follows a guilty plea and an admission of being a habitual offender, we dismiss without prejudice to his right to raise the issue in a subsequent post-conviction proceeding.

### Issue

Stanley raises one issue, which we restate as whether his belated appeal, the crux of which concerns the sufficiency of the factual basis supporting his admission to being a habitual offender, should be dismissed without prejudice to permit Stanley to file a petition for post-conviction relief.

1. Ind.Code § 35–43–4–2.

### Facts and Procedural History

On November 12, 2002, Stanley broke into and entered the residence of Holly Gordon ("Gordon")—the mother of his child—with the intent to steal certain property. Once inside, Stanley took a VCR and a laptop computer without Gordon's permission. Thereafter, on October 2, 2002, Stanley broke into and entered the residence of Kevin McKay and Julie Garber with the intent to take certain property without the owners' permission. After gaining entry into the residence, Stanley took certain property, which he later pawned for money.

On January 7, 2003, the State charged Stanley with burglary as a Class B felony and theft as a Class D felony[1] for his actions on November 12, 2002. That same day, the State also charged Stanley with burglary as a Class B felony and theft as a Class D felony for his actions on October 2, 2002. In addition, the State alleged that Stanley was a habitual offender because he had accumulated the following predicate felony offenses: (1) nonsupport of a dependent child on November 26, 2001; and (2) possession of a controlled substance on February 23, 2002. On March 24, 2003, Stanley pleaded guilty to two counts of burglary as Class B felonies and admitted to being a habitual offender for committing the alleged predicate offenses. In exchange, the State agreed to dismiss the theft charges and to recommend that the B felony sentences be served concurrently and, further, that the habitual offender enhancement be capped at fifteen years.

At a subsequent hearing, and after the trial court had advised Stanley of the consequences of pleading guilty, Stanley admitted that he was a habitual offender. The trial court advised Stanley that, as a result of his guilty pleas, he could receive a

minimum sentence of sixteen years—i.e., two concurrent terms of six years for each Class B felony conviction to be served consecutive to ten years for the habitual offender enhancement—or a maximum sentence of thirty-five years—i.e., two concurrent terms of twenty years for the Class B felony convictions, served consecutive to fifteen years for his habitual offender status.[2] Stanley acknowledged that he understood the aggregate sentencing range for his offenses.

After conducting a sentencing hearing on April 21, 2003, the trial court found the following aggravating circumstances: (1) Stanley's prior criminal history, which consists of a juvenile adjudication for possessing marijuana, as well as adult convictions for burglary as a Class C felony, possession of marijuana as a Class A misdemeanor, two counts of criminal conversion as Class A misdemeanors, two counts of theft as Class D felonies, non-support of a dependent as a Class D felony, possession of a controlled substance as a Class D felony, public intoxication as a Class B misdemeanor, and furnishing alcohol to a minor as a Class B misdemeanor; (2) that he has violated the conditions of his probation or suspended sentences in the past; (3) that he committed the present offenses while on probation; and (4) his drug usage. In

mitigation, the trial court found that Stanley has had an unstable childhood inasmuch as both of his parents have significant criminal histories. On balance, the trial court concluded that the aggravating circumstances outweighed the mitigator and sentenced Stanley to the Indiana Department of Correction for two concurrent terms of fifteen years. The trial court also imposed a consecutive sentence of fifteen years for the habitual offender enhancement, for an aggregate sentence of thirty years.

On August 23, 2004, Stanley, *pro se*, filed a petition for post-conviction relief, alleging, in part, that his admission to being a habitual offender was coerced. On January 10, 2005, Stanley, by counsel, filed a motion to dismiss the post-conviction petition without prejudice and a motion to pursue a belated appeal under Post–Conviction Rule 2, both of which the trial court granted. This belated appeal followed.

**Discussion and Decision**

On appeal, Stanley argues that his thirty-year sentence is erroneous because one of the predicate offenses supporting his habitual offender enhancement—i.e., the possession offense—does not count as a "prior unrelated felony conviction" under Indiana Code Section 35–50–2–8.[3] Stanley

---

2. At the time of Stanley's sentencing, Indiana Code Section 35–50–2–5 provided: "A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances." In addition, Indiana Code Section 35–50–2–8 provided: "The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Further, pursuant to Stanley's plea agreement, the

State recommended that he receive concurrent sentences for the Class B felony convictions and that his habitual offender enhancement be capped at fifteen years.

3. With this contention, the State does not disagree. Indeed, pursuant to Indiana Code Section 35–50–2–8(g), a person is a habitual offender if the state proves, beyond a reasonable doubt, that he or she has accumulated two prior unrelated felony convictions. Here, Stanley admitted to being a habitual offender for committing the predicate offenses of non-support of a dependent child on November 26, 2001, and possession of a controlled substance on February 23, 2002. This admission relieved the State of its burden of proving that

frames the issue presented as a sentencing claim of error. Specifically, he asserts: "Pursuant to the Indiana Supreme Court's holding in *Collins v. State*, 817 N.E.2d 230 (Ind.2004), [Stanley] appeals the sentence imposed by the trial court following his plea of guilty[,] which left sentencing discretion to the trial court." Appellant's Br. at 2.

■ In Indiana, it is well settled that a person, like Stanley, who pleads guilty cannot challenge his or her convictions by means of direct appeal except through a petition for post-conviction relief. See *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005). One of the things a person gives up by pleading guilty is the right to a direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395–96 (Ind.1996). However, if, in a guilty plea situation, there is no agreement between the defendant and the State as to the sentence to be imposed—called an "open plea," i.e., one where the judge has discretion as to the sentence to be imposed, the sentence must be challenged—if at all—by means of a direct appeal. *Collins*, 817 N.E.2d at 231. Accordingly, the proper procedure for an individual who has pleaded guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under Indiana Post–Conviction Rule 2. *Id.* at 233.

■ Here, however, Stanley does not contest the propriety of his thirty-year sentence *per* se. Put another way, he does not contend that the trial court sentenced him outside of the statutory range for his B felony convictions or that the trial court erred by imposing an illegal term of years upon the habitual offender determination. Nor does Stanley maintain that the trial court improperly considered certain aggravating and mitigating circumstances or that his sentence is inappropriate under Indiana Appellate Rule 7(B). Rather, the crux of Stanley's argument, on direct appeal, is that the factual basis supporting his admission as a habitual offender is insufficient, such that the habitual offender determination is, itself, erroneous. In his attorney's words:

> The sentence imposed upon [Stanley] in Count V, Habitual Felony Offender Enhancement, was improper due to the fact that the second alleged conviction of

Stanley has accumulated two prior unrelated felony convictions. *See, e.g., Neeley v. State*, 457 N.E.2d 532, 535 (Ind.1983) (noting that the habitual offender statute permits an accused to plead guilty to a habitual offender count).

However, Indiana Code Section 35–50–2–8(d) provides:

A conviction does not count for purposes of this section as a prior unrelated felony conviction if:

\* \* \* \* \*

(3) all of the following apply:

(A) The offense is an offense under ... IC 35–48–4.

(B) The offense is not listed in section 2(b)(4) of this chapter.

(C) The total number of unrelated convictions that the person has for:

(i) dealing in or selling a legend drug under IC 16–42–19–27;

(ii) dealing in cocaine or a narcotic drug (IC 35–48–4–1);

(iii) dealing in a schedule I, II, III controlled substance (IC 35–48–4–2);

(iv) dealing in a schedule IV controlled substance (IC 35–48–4–3); and

(v) dealing in a schedule V controlled substance (IC 35–48–4–4); does not exceed one (1).

Stanley's prior conviction for possession is an offense under Indiana Code 35–48–4, namely Indiana Code Section 35–48–4–7, and is not listed in Indiana Code Section 35–50–2–2(b)(4). Moreover, Stanley does not have any unrelated convictions for dealing in narcotic drugs or controlled substances. Accordingly, the proposed predicate offense of possession does not qualify under Indiana Code Section 35–50–2–8 as a prior unrelated felony conviction.

Possession of Controlled Substance was not a valid offense for purposes of being a prior unrelated felony offense.

Appellant's Br. at 10.

It is true that "the status of an habitual offender is not an offense or crime in itself but is a circumstance the existence of which, if found by the jury, calls for enhancement of the sentence for the last crime charged." *Badelle v. State*, 434 N.E.2d 872, 876 (Ind.1982); see also *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001) ("A habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony."). However, Stanley's admission to being a habitual offender was the equivalent of a guilty plea. *See, e.g., Butler v. State*, 658 N.E.2d 72, 74 (Ind.1995) (discussing whether the defendant's guilty plea to being a habitual substance offender was contrary to law in the post-conviction context).

Stated differently, when Stanley admitted to being a habitual offender, he assented to all of the elements of the habitual offender charge, thereby, relieving the State of proving that the predicate offenses were unrelated. Cf. *Garrett v. State*, 737 N.E.2d 388, 392 (Ind.2000); *Gann v. State*, 570 N.E.2d 976 (Ind.Ct. App.1991), *trans. denied*. Because Stanley's argument concerns the habitual offender determination, as opposed to the sentence imposed upon that determination, it is not properly before us and we cannot, therefore, resolve it on its merits. *See, e.g., Weaver v. State*, 676 N.E.2d 22, 24 (Ind.Ct.App.1997) (noting that it is basic to and idiosyncratic in Indiana law that error premised upon a guilty plea must be brought by a petition for post-conviction relief under Indiana Rules of Procedure, Post–Conviction Rule 1), *trans. denied*.

Stanley's appeal alleging an insufficient factual basis for his habitual offender determination on his guilty plea is therefore dismissed without prejudice to his right to raise the issue in a subsequent post-conviction proceeding, if he so chooses. *See, e.g., id.*

Dismissed without prejudice.

KIRSCH, C.J., and CRONE, J., concur.