ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Jeffrey R. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Zachary J. Stock
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court

FILED
Dec 22 2008, 12:03 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 20S03-0812-CR-763

ABJUL K. JOHNSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Circuit Court, No. 20C01-9603-CF-012
The Honorable Gene R. Duffin, Senior Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A03-0710-CR-472

**December 22, 2008**

**Sullivan, Justice.**

In 1997, Abjul K. Johnson pled guilty to robbery as a Class A felony. The plea agreement gave the trial court discretion to impose a sentence within an agreed-upon range and the court sentenced Johnson to 50 years. A plea agreement in which the trial court has discretion

over the length of the sentence is referred to as an "open plea." Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004).

In late 2000, Johnson filed a pro se petition for post-conviction relief under Indiana Post-Conviction Rule 1. In early 2001, Johnson, now represented by the State Public Defender, amended the petition with a sentencing claim. In 2005, Johnson filed a motion to have the P-C.R. 1 proceeding dismissed without prejudice. In 2006, he filed a petition for permission to file a belated notice of appeal under P-C.R. 2. The trial court denied that petition and the Court of Appeals affirmed. Johnson v. State, No. 20A03-0710-CR-472, slip op., 887 N.E.2d 1030 (Ind. Ct. App. May 29, 2008). Johnson seeks transfer, asking permission to file the belated notice of appeal.

Prior to Collins, there was a split in authority over whether the proper procedure to challenge a sentence imposed following an open plea was by means of a direct appeal or by means of collateral review under P-C.R. 1. Kling v. State, 837 N.E.2d 502, 506 (Ind. 2005). Collins decided the issue by holding that the proper procedure for challenging such a sentence is to file a direct appeal or, if the time for filing a direct appeal has run, to seek permission to file a belated direct appeal under P-C.R. 2. Id.

Kling dealt with a situation substantially similar to Johnson's, i.e., at the time Collins was decided, both men had P-C.R. 1 proceedings pending that challenged the length of their respective sentences. Kling made clear that if the petitioner's principal objective was to seek sentencing relief, the proper procedure was to dismiss the P-C.R. 1 proceeding and then seek relief under P-C.R. 2. 837 N.E.2d at 506. It appears to us that that is precisely what Johnson and his counsel did here.

However, actually receiving permission to file a belated appeal requires that: (1) the failure to file a timely appeal be through no fault of the person seeking permission; and (2) the person seeking permission be diligent in requesting permission to file a belated appeal. P-C.R. 2(1); Witt v. State, 867 N.E.2d 1279, 1281 (Ind. 2007) (citing Collins, 817 N.E.2d at 233).

2

The trial court denied Johnson's petition on grounds that he had not established that he had been without fault in failing to file a timely appeal and had been diligent in requesting belated permission to do so. In reaching this conclusion, the trial court looked at the almost three year period between sentencing in 1997 and the filing of the P-C.R. 1 petition in 2000.

In its unpublished opinion affirming the trial court, the Court of Appeals relied primarily on our opinion in Moshenek v. State, 868 N.E.2d 419 (Ind. 2007). Like Johnson, Moshenek sought permission to file a belated direct appeal under P-C.R. 2 after having had a petition for post-conviction relief under P-C.R. 1 pending for an extended period of time. We held that Moshenek had not demonstrated the requisite diligence to warrant a belated appeal. Id. at 424. But Johnson's situation differs from Moshenek's in a crucial and dispositive way. Whereas Johnson's P-C.R. 1 proceeding explicitly challenged his sentence, Moshenek's P-C.R. 1 petition did not. In fact, Moshenek waited more than 16 years — from sentencing in 1989 until the filing of his P-C.R. 2 petition in 2005 — without challenging his sentence in any way. Johnson, by contrast, filed his P-C.R. 1 petition less than three years after sentencing.[1]

On rehearing in Moshenek, Moshenek's counsel argued that it was unfair to use the new rule of Collins — that a challenge to a sentence imposed following an open plea was required to be made via a direct appeal — to deny Moshenek what he would have been entitled to pre-Collins — a challenge to his sentence under P-C.R. 1. That argument was unavailing because Moshenek had never sought to challenge his sentence under P-C.R. 1 in the first place, despite having had 16 years to do so. Moshenek v. State, 2007 Ind. LEXIS 1054 (Ind. Nov. 19, 2007) (rehearing denied). But we think it would be unfair to use Moshenek to deny Johnson permission to file a belated appeal here. Johnson's P-C.R. 1 petition explicitly challenging his sentence was filed within a reasonable period of time under pre-Collins practice. And once the procedures for challenging a sentence imposed following an open plea were made clear in Kling, Johnson acted almost immediately to follow its dictates.

While whether the requisite diligence required by P-C.R. 2 has been shown is a fact-sensitive inquiry that will vary from case to case, we have now seen several categories of persons

---

[1] The amendment explicitly adding the sentencing claim was filed six months later.

3

who have sought permission to file belated appeals of pre-<u>Collins</u> sentences imposed following an open plea. One category consists of petitioners who did not challenge their sentences either by means of P-C.R. 1 or P-C.R. 2 until after <u>Collins</u> was decided. <u>Witt</u>, 867 N.E.2d 1279 (permission to file belated appeal denied). Another category consists of petitioners who had P-C.R. 1 proceedings pending at the time of <u>Collins</u> but those petitions contained no challenge to their sentences. <u>Newton v. State</u>, 894 N.E.2d 192 (Ind. 2008) (permission to file belated appeal denied); <u>Moshenek</u>, 868 N.E.2d 419 (permission to file belated appeal denied). A third category consists of petitioners who had P-C.R. 1 proceedings pending at the time of <u>Collins</u> that did contain challenges to their sentences. Prompt efforts to pursue those challenges through P-C.R. 2 were allowed to proceed. <u>Kling</u>, 837 N.E.2d 502; <u>Collins</u>, 817 N.E.2d 230. Johnson's case falls into this third category.

We grant transfer and remand this case to the trial court with instructions to enter a final judgment granting Johnson's petition for permission to file a belated appeal. Johnson's petition did not include a proposed notice of appeal as an exhibit. Accordingly, the time for filing a notice of appeal is governed by Appellate Rule 9(A).

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.