**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 24 2013, 5:42 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**AARON W. PRATER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON W. PRATER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1302-CR-60 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1106-FA-40

**June 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

In October of 2011, Appellant-Defendant Aaron Prater pled guilty to one count of Class A felony kidnapping, one count of Class A felony criminal deviate conduct, and one count of Class D felony resisting law enforcement. Pursuant to the terms of his plea agreement, sentencing was left to the discretion of the trial court, and Prater waived the right to appeal his sentence. On December 2, 2011, the trial court sentenced Prater to an aggregate fifty-year term of incarceration. Prater requested permission to file a belated appeal on December 19, 2012. The instant appeal stems from the denial of this request. Concluding that Prater waived any challenge to his conviction by pleading guilty and that he knowingly and voluntarily waived his right to appeal his sentence, we affirm.

## FACTS AND PROCEDURAL HISTORY

On or about June 29, 2011, the State charged Prater with one count of Class A felony kidnapping, two counts of Class A felony criminal deviate conduct, and one count of Class D felony resisting law enforcement. On October 28, 2011, Prater pled guilty to the Class A felony kidnapping charge, one count of Class A felony criminal deviate conduct, and the Class D felony resisting law enforcement charge. In exchange for Prater's guilty plea, the State agreed to dismiss the remaining Class A felony criminal deviate conduct charge.

Pursuant to the terms of Prater's plea agreement, sentencing was left to the discretion of the trial court, and Prater "knowingly, intelligently and voluntarily waive[d] [his] right to challenge the reasonableness of the sentenced received in this case under Appellate Rule 7(B)." Appellant's App. p. 11. Prater also "knowingly, intelligently and voluntarily waive[d] [his] right to challenge the sentence on the basis that it is erroneous." Appellant's

2

App. p. 11. By pleading guilty, Prater also waived his right to challenge his convictions on appeal.

On December 2, 2011, the trial court accepted Prater's guilty plea. The trial court sentenced Prater to an aggregate fifty-year term of incarceration. Approximately one year later, on December 19, 2012, Prater filed a petition with the trial court in which he requested permission to file a belated notice of appeal. The trial court subsequently denied Prater's request, and this appeal follows.

## DISCUSSION AND DECISION

An "eligible defendant" to bring a belated appeal is a defendant "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post-Conviction Rule 2. It is well-established that a defendant who pleads guilty waives the right to challenge his convictions on appeal. *See Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008); *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005); *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004); *Mapp v. State*, 770 N.E.2d 332, 335 (Ind. 2002); *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Further, while, under normal circumstances, a defendant may challenge a sentence imposed pursuant to a guilty plea if the terms of the plea agreement left sentencing to the discretion of the trial court, a defendant may waive his right to appeal his sentence as part of a plea agreement, and such waivers are valid and enforceable. *See Creech*, 887 N.E.2d at 74-75.

In the instant matter, Prater does not qualify as a defendant who is eligible to bring a

belated appeal under Post-Conviction Rule 2 because he waived his right to challenge both his conviction and his sentence pursuant to the terms of his plea agreement. Prater's plea agreement explicitly provided that Prater "knowingly, intelligently and voluntarily waive[d] [his] right to challenge the reasonableness of the sentence received in this case under Appellate Rule 7(B)." Appellant's App. p. 11. The plea agreement further provided that Prater "knowingly, intelligently and voluntarily waive[d] [his] right to challenge the sentence on the basis that it is erroneous." Appellant's App. p. 11. Furthermore, on the final page of the plea agreement, which was signed by both Prater and his attorney, Prater averred that he had read and understood the terms of the plea agreement and that he voluntarily accepted the plea agreement. Prater further averred that he understood that he had certain rights, including the right to challenge his convictions, and that he voluntarily waived those rights by pleading guilty.

The terms of Prater's plea agreement clearly state that Prater agreed to waive his right to challenge both his convictions and the sentence imposed by the trial court. In challenging the trial court's denial of his request for permission to file a belated notice of appeal, Prater claims that he did not sign the plea agreement or initial the specific portion of the plea agreement indicating that he agreed to waive his right to challenge the sentence imposed by the trial court. However, despite Prater's claim to the contrary, the record clearly demonstrates that Prater did in fact sign his plea agreement. In signing the plea agreement, Prater averred that he had read the plea agreement in its entirety and that he understood and voluntarily agreed to each of the terms contained therein. As such, we conclude that the trial

4

court properly denied Prater's request for permission to file a belated notice of appeal.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.