## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 5:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy W. Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 26, 2019

Court of Appeals Case No.
18A-CR-2952

Appeal from the
Franklin Circuit Court

The Honorable
J. Steven Cox, Judge

Trial Court Cause No.
24C01-1704-F3-299

**Kirsch, Judge.**

[1] Timothy W. Allen ("Allen") pleaded guilty to dealing in methamphetamine[1] and possession of methamphetamine[2] both as Level 5 felonies and admitted to being an habitual offender.[3] He appeals his habitual offender enhancement, arguing that the enhancement was improper because the habitual offender allegation had been dismissed.

[2] We dismiss.

## Facts and Procedural History

[3] In March 2017, police received information that Allen was manufacturing methamphetamine. Allen had a prior conviction for manufacturing methamphetamine. On several occasions, police observed him coming from the area where the manufacturing was alleged to be occurring. *Tr. Vol. 2* at 18-19, 45-47. Police conducted a search of NPLEx, which is a system that logs purchases of pseudoephedrine, and discovered that Allen had made numerous purchases. *Id*. at 20-22, 47-48. Police obtained Allen's discarded trash and discovered several items connected with methamphetamine manufacture and consumption. *Id*. at 22-24, 49, 53. Police obtained and executed a search warrant for Allen's residence. *Id*. at 25, 53-54. Based on the results of this investigation, the State charged Allen, on April 4, 2017, with Count 1, Level 3

---

[1] *See* Ind. Code § 35-48-4-1.1.

[2] *See* Ind. Code § 35-48-4-6.1.

[3] *See* Ind. Code § 35-50-2-8.

felony dealing in methamphetamine, Count 2, Level 5 felony possession of methamphetamine, Count 3, Level 6 felony possession of precursors, and Count 4, Level 6 felony maintaining a common nuisance. *Appellant's App. Vol. II* at 28-31.

[4] On February 12, 2018, the State filed its notice of intent to file a habitual offender enhancement if plea negotiations were unsuccessful. *Id*. at 57. In August 2018, the State amended the charging information to add Counts 5-7, all of which constituted habitual offender enhancement allegations. *Id*. at 86-89. All three counts alleged the identical prior unrelated felony convictions: (1) a Class B felony manufacturing methamphetamine conviction from 2011; (2) a Class C felony battery conviction from 2004; (3) a Class D felony criminal recklessness conviction from 1994; and (4) convictions for Class C felony battery, Class D felony leaving the scene of an accident, and Class D felony possession of marijuana from 1994. *Id*. at 87-89.

[5] On October 3, 2018, the State filed a motion to amend the charging information and to dismiss Counts 3, 4, 6, and 7, which the trial court granted. *Id*. at 105-06, 109. As amended, Count 1 was lowered to a Level 4 felony, and the remaining habitual offender allegation, previously Count 5, became the Amended Count 3. *Id*. at 107-08. The amended habitual offender charge removed Allen's 1994 conviction for criminal recklessness from the list of prior unrelated felonies. *Id*. at 108.

[6]     A guilty plea hearing was held on October 9, 2018.   At the hearing, the State amended the information orally, and Allen pleaded guilty without a written plea agreement.  *Tr. Vol. 2* at 77-86.  Pursuant to the oral plea agreement, the State amended Count 1 to a Level 5 felony, and Allen agreed to plead guilty to Counts 1-3 with the understanding that the sentences on Counts 1 and 2 would run concurrently and the total executed sentence, including the habitual enhancement, would be capped at eight years.  *Id*. at 77-80.  Allen waived initial hearing on the amended charges, and his attorney stated, "He's aware of the charges against him and the difference in these charges as compared to the charges that he's already been initialed on."  *Id*. at 77-78, 81.  Allen's attorney explained to him that the State had agreed to reduce the dealing in methamphetamine charge from a Level 4 felony to a Level 5 felony "[a]nd then they also changed the habitual [from a Level 3 to a Level 4 felony] . . . now they've changed it [Count 1] to a Level 5 so they have to change that [the habitual charge] again.  And so all we're doing is allowing them to reduce your charges so that we can plead guilty to those reduced charges as you and I had discussed."  *Id*. at 78-79.  Counsel also explained to Allen that prior to this latest change, he was potentially facing thirty-two years (twelve years for the Level 4 felony plus twenty years for the habitual) but that now, with these latest amendments, he could receive only a maximum of twelve years (six years for the Level 5 felony plus six years for the habitual).  *Id*. at 79-80.  Allen stated that he understood these changes and proceeded to admit that he both manufactured methamphetamine and possessed methamphetamine on March 8, 2017 and that he had prior unrelated felony convictions for Class B felony manufacturing

methamphetamine in the 2011 case, Class C felony battery in the 2004 case, and Class C felony battery, Class D felony leaving the scene of an accident, and Class D felony possession of marijuana in the 1994 case. *Id*. at 80, 84-85. In doing so, Allen pleaded guilty to Counts 1 and 2 and admitted to being a habitual offender in Count 3. *Id*. at 85.

[7] On October 31, 2018, the trial court sentenced Allen and imposed concurrent six-year sentences on Allen's convictions for dealing in methamphetamine, Count 1, and possession of methamphetamine, Count 2 and enhanced the sentence on Count 1 by two years for the habitual offender adjudication, resulting in an aggregate eight-year sentence. *Appellant's App. Vol. II* at 6; *Tr. Vol. 2* at 99. The sentencing order was signed and file-stamped on October 31, but was not entered into the CCS until November 9, 2018. *Appellant's App. Vol. II* at 6, 24-25. On November 7, 2018, the State filed a motion to dismiss "Amended Count 3 in this cause for the reason that original Count 3 was dismissed prior to the amendment." *Id*. at 145. The trial court granted the motion on the same day. *Id*. at 147. Allen now appeals.

## Discussion and Decision

[8] Allen challenges the validity of his status as a habitual offender, contending that it was not proper because, at the time the sentencing order was filed, the habitual offender allegation had been dismissed. Specifically, Allen asserts that his habitual offender enhancement should be vacated because no basis for the admission and enhancement existed when the State's motion to dismiss

"Amended Count 3" was granted by the trial court, which was the basis for Allen's admission to being a habitual offender and the resulting two-year enhancement.

[9] Allen is challenging the validity of his status as a habitual offender after he pleaded guilty to such enhancement and is not challenging the trial court's exercise of sentencing discretion. "In Indiana, however, it is well-settled that a person who pleads guilty cannot challenge his convictions by means of direct appeal, and the same is true of one who admits to habitual offender status." *Robey v. State*, 7 N.E.3d 371, 383 (Ind. Ct. App. 2014) (citing *Kling v. State,* 837 N.E.2d 502, 504 (Ind. 2005); *Stanley v. State,* 849 N.E.2d 626, 630 (Ind. Ct. App. 2006)), *trans. denied*. One of the things a person gives up by pleading guilty is the right to a direct appeal. *Tumulty v. State,* 666 N.E.2d 394, 395-96 (Ind. 1996). In *Tumulty*, our Supreme Court addressed the issue of whether a defendant could directly appeal the trial court's acceptance of a guilty plea to a habitual offender allegation on the ground that such lacked a factual basis. The Court noted that one consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Id*. at 395. The Court found this restriction applicable to claims such as that raised by Tumulty, thus treating a habitual offender adjudication following a guilty plea in the same manner as a conviction. *Id*. at 396. The Court held that the vehicle for relief in such situations is found in Indiana Post-Conviction Rule 1. *Id*.

[10] Having pleaded guilty to the habitual offender allegation and admitted to his status as a habitual offender, Allen cannot now seek to challenge the admission

and subsequent enhancement on direct appeal.[4]  We, therefore, dismiss Allen's

appeal challenging his status as a habitual offender.[5]

[11]    Dismissed.

Vaidik, C.J., and Altice, J., concur.

---

[4] We observe that, in trying to avoid dismissal for challenging his status as a habitual offender after a plea agreement, Allen phrases his challenge as being to the sentence or enhancement given.  However, we cannot simply vacate the sentence ordered for Allen's habitual offender admission.  Under Indiana Code section 35-50-2-8(i), the trial court was required to sentence Allen to a minimum of two years, which is the sentence he received.  *See* Ind. Code § 35-50-2-8(i)(2) ("The court shall sentence a person found to be a habitual offender to an additional fixed term that is between:  . . . two (2) years and six (6) years, for a person convicted of a Level 5 or Level 6 felony.").

[5] Allen's argument is an attempt to preserve the benefit of his plea agreement while getting rid of a part of the requirements of the agreement.  Allen's admission as to being a habitual offender was a part of his plea agreement with the State, and there was no evidence that the parties would have entered into the agreement without the habitual offender admission and enhancement.  Therefore, if we were to find that the habitual offender enhancement portion of the plea agreement was erroneous, the remedy would be to vacate the whole plea agreement and remand the case to the trial court and return the parties to their relative positions before the plea agreement occurred, where Allen faced a potential sentence of thirty-two years.