APPELLANT PRO SE
Darren Witt
Michigan City, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 45S00-0608-CR-283

DARREN WITT,

*Appellant/Cross-Appellee
(Defendant below)*,

v.

STATE OF INDIANA,

*Appellee/Cross-Appellant
(Plaintiff below)*.

Appeal from the Lake Superior Court, No. 45G02-9510-CF-206
The Honorable Clarence D. Murray, Judge

On Direct Appeal

**June 12, 2007**

**Sullivan, Justice.**

An individual who pleads guilty where the issue of sentencing is left to the trial court's discretion must challenge that sentence, if at all, in a direct appeal. When the time for appeal has expired, Post-Conviction Rule 2 permits such an individual to request permission to file a belated notice of appeal. But the grant of such permission is not automatic. In this case, Darren Witt did

not meet the Rule's requirement that he demonstrate by a preponderance of the evidence that he had been diligent in requesting permission to file a belated notice of appeal.

## Background

In October 1995, Darren Witt was charged with Murder,[1] Felony Murder,[2] and Criminal Deviate Conduct.[3] The State sought the death penalty.[4]

In November 1996, Witt and the State entered into an "open plea" agreement.[5] The State amended the charging information by adding a charge of Robbery[6] and substituted a request for a sentence of Life Imprisonment Without Parole[7] for its earlier death penalty request. Witt agreed to plead guilty to Murder and Robbery. In return for a plea of guilty, the State said it would recommend that Witt receive a sentence of life without parole; Witt said he would agree that a sentence of life without parole was appropriate.

The trial court accepted Witt's guilty plea. After taking sentencing under advisement, the trial court sentenced Witt to life without parole on December 6, 1996.

During the next nine and one-half years, Witt did not seek direct or collateral review of his convictions or sentence. On May 5, 2006, Witt filed a petition for permission to file a belated notice of appeal pursuant to Ind. Post-Conviction Rule 2. Without a hearing, but after receiving a response from the State, the court granted Witt's motion.

---

[1] Ind. Code § 35-42-1-1 (1993).

[2] Id.

[3] I.C. § 35-42-4-2 (1993).

[4] I.C. § 35-50-2-9(b)(1)(D), (G), (b)(9)(D) (Supp. 1994).

[5] A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an "open plea." Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004).

[6] As a Class A felony, I.C. § 35-42-5-1 (1993).

[7] I.C. § 35-50-2-9(b)(1)(G), b(9)(D).

2

Witt contends that his sentence was improperly imposed in light of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which recognized certain constitutional limitations on a trial court's sentencing authority.[8] The State cross appeals, arguing that Witt's request to file a belated notice of appeal was improvidently granted. Because Witt appeals from a sentence of life without parole, this Court (rather than the Court of Appeals) has jurisdiction. Ind. Appellate Rule 4(A)(1)(a).

Because we agree with the State that Witt's request to file a belated notice of appeal was improvidently granted, we do not reach the question of whether Witt has a colorable claim under <u>Blakely</u>. That issue is pending before this Court in another case. <u>See</u> <u>Gutermuth v. State</u>, 848 N.E.2d 716 (Ind. Ct. App. 2006), <u>trans. granted</u>, 860 N.E.2d 588 (Ind. 2006) (table).

**Discussion**

Several years ago, this Court's decision in <u>Collins v. State</u> resolved a conflict in the Court of Appeals over whether challenges to a sentence imposed following an open plea must be brought in a direct appeal or in post-conviction proceedings pursuant to Post-Conviction Rule 1. <u>Collins v. State</u>, 817 N.E.2d 230 (Ind. 2004). We held that the proper procedure was to file a direct appeal.

<u>Collins</u> noted that many trial courts had advised defendants, in reliance on Court of Appeals authority (disapproved in <u>Collins</u>), that no direct appeal was available with respect to their sentences when they pled guilty. As such, the deadlines imposed by the appellate rules for filing a direct appeal had expired for many defendants. <u>Collins</u> held that an individual in this situation could still look to Post-Conviction Rule 2, which permits an individual convicted after a trial or guilty plea who fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal. <u>Id.</u> at 233.

---

[8] Witt also contends that his due process rights were violated when the trial court deviated from the terms of the plea agreement and reduced his Robbery conviction from a Class A felony to a Class C felony. Having pled guilty, such a claim is available to Witt, if at all, in post-conviction proceedings pursuant to Post-Conviction Rule 1. <u>See</u> <u>Tumulty v. State</u>, 666 N.E.2d 394, 395-96 (Ind. 1996).

Witt was advised at the time of his sentencing hearing that he could not appeal the sentence and understandably invokes <u>Collins</u> in seeking to use the belated appeal procedure contemplated by Post-Conviction Rule 2.  But, while Post-Conviction Rule 2 permits an individual convicted after a trial or guilty plea who fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal, receiving that permission requires the petitioner to make two showings by a preponderance of the evidence: (1) that the failure to file a timely notice of appeal is not the fault of the petitioner; and (2) that the petitioner has been diligent in requesting permission to file a belated notice of appeal.  P-C.R. 2(1); <u>Collins</u>, 817 N.E.2d at 233.

Here, the State contends that Witt did not satisfy these conditions and so the trial court should not have granted Witt's motion for permission to file a belated notice of appeal.  It argues that Witt has not proven that he was not at fault for failing to file a timely notice of appeal and that he did not present evidence demonstrating his diligence in requesting permission to file the belated notice of appeal.

Witt, in his petition for permission to file a belated notice of appeal and response to the State's cross appeal, argues to the contrary.  In his petition for permission to file a belated notice of appeal, he maintained that:

- He is not trained in matters of the law.
- He relied on the improper instructions of the sentencing court that instructed him that he was not permitted to appeal his sentence directly.

Witt, in his Reply Brief to this Court, reiterated the above arguments and added the following:

- He did not graduate from high school.
- His IQ is in the lower eighth percentile of the population.
- His education and abilities were under those of the average person at the time of the sentencing hearing.
- His appeal of a conviction following a jury trial was his only prior experience with the appellate process and the fact that the instant sentence was the result of a

4

plea agreement militated in favor of his reliance upon the trial judge's incorrect statement of the law.

- Other than the colloquy between the trial judge and his trial counsel, his trial counsel did not otherwise inform him of his appellate options.

- The State failed to remedy the trial court's misstatement of the proper appellate procedure for review of his sentence.

The trial court, without the benefit of Witt's argument to this Court, found dispositive the following colloquy between the sentencing court and the trial counsel and ruled in favor of Witt:

By [defense counsel] Mr. Thiros: Does he have a right to appeal?

By the Court: I don't think so. Appeal P.C.R., this is not the result of a trial.

By Mr. Thiros: I think even as a result of a plea, your Honor, this is not an agreed sentence.

By the Court: It doesn't make any difference. It's P.C.R. if he wishes to raise any claim about the deficiency of the sentence, it's a P.C.R. It's not a direct appeal. He's not entitled to a direct appeal on a guilty plea.

Pursuant to Collins, the fact that the trial court had advised Witt that he could not file a direct appeal for review of his sentence satisfies the first requirement of Post-Conviction Rule 2; Witt is not at fault for failing to pursue what he was told would be improper appellate procedure.

Witt, however, has not demonstrated that he has complied with the second prong of Post-Conviction Rule 2. The trial court did not make any findings of fact regarding the second prong of Post-Conviction Rule 2 but compliance with the second prong is also a prerequisite for permission to pursue a belated appeal. Nothing in the record suggests that Witt attempted to challenge his sentence until nine and one-half years after it was entered when he filed the petition at issue here.[9] Notably, Witt did not petition the trial court for post-conviction relief pursuant to Post-Conviction Rule 1 even though the trial judge, at the sentencing hearing, told him that he had that vehicle available to challenge his sentence. Accordingly, Witt has failed to demonstrate

---

[9] Indeed, Witt's petition for permission to file a belated notice of appeal was not filed until 19 months after Collins was decided.

that he was diligent in requesting permission to file a belated notice of appeal as required by Post-Conviction Rule 2(1)(b).

## Conclusion

Because Witt has failed to satisfy the requirements of Post-Conviction Rule 2, the trial court should not have granted his motion to file the belated notice of appeal.  We dismiss the appeal.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.