APPELLANT PROCEEDING WITHOUT ATTORNEY

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

_____

In the

## Indiana Supreme Court

———————————————

No.  85S00-0612-CR-530

DAVID SHOLES,                                              *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                         *Appellee (Plaintiff below).*

———————————————

Belated Appeal from the Wabash Circuit Court, No. 85C01-9608-CF-47
The Honorable Thomas Hakes, Special Judge

———————————————

**January 9, 2008**

**Dickson, Justice.**

Seeking to bring a belated appeal pursuant to Indiana Post-Conviction Rule 2, the defendant David Sholes challenges the sentences for his 1997 convictions for the August 6, 1996, murders of Charley Neal, John Swan II, and Fred Griffith, and the attempted murder of James Mitchell.[1]  Facing these charges and the State's request for the death penalty, the defendant

_____

[1] The Defendant was convicted of three counts of Murder pursuant to Indiana Code § 35-42-1-1 (1996) and one count of Attempted Murder pursuant to Indiana Code §§ 35-41-5-1 and 35-42-1-1 (1996).

pleaded guilty pursuant to a plea agreement calling for a sentence of life without parole[2] for the murder of Swan, a fireman, but without agreed sentences as to the remaining counts. The trial court sentenced the defendant to life without parole for the murder of Swan, sixty-five years each for the murders of Neal and Griffith, and fifty years for the attempted murder of Mitchell. Appellant's App'x 219. In this belated appeal, the defendant asserts several claims[3] and requests that each of his sentences be vacated and that the case be remanded for a new sentencing hearing. The State cross-appeals, challenging the propriety of the trial court order permitting the belated appeal. Because resolution of the State's procedural issue is determinative, we do not reach the merits of the defendant's claims.

The defendant was sentenced on March 7, 1997, following his plea of guilty to all charges and agreement to a sentence of life without parole. He did not bring a direct appeal, but one year later, in March 1998, he sought post-conviction relief. The trial court denied relief and the Court of Appeals affirmed in an unpublished memorandum decision. Sholes v. State, 720 N.E.2d 1281 (Ind. Ct. App. 1999), *trans. denied*, 735 N.E.2d 229 (Ind. 2000). In May of 2000

---

[2] The defendant's plea agreement included the following:
> I further understand that I am agreeing and pleading to an enhancement of my sentence under the statute and laws of the State of Indiana. I agree and admit the aggravating circumstances, i.e., committing more than one murder or killing a fireman while acting in the course of his duty, outweigh any part of the mitigating circumstances that I might present to a court or a jury. I agree and understand that I am waiving this right to present those mitigating circumstances. I further understand and agree that the court will enhance my sentence to be life imprisonment without parole. My attorneys have fully explained all of my options when a death sentence request is filed.

Appellant's App'x at 244.

[3] Regrouped and restated, the defendant's belated appeal seeks to present the following claims: (a) Indiana's life-without-parole statute is invalid both on its face and as applied to him as violating his Sixth Amendment jury trial rights following Blakely v. Washington, 542 U.S. 296 (2004); (b) the trial court erred by denying the defendant the opportunity to present mitigating evidence; (c) the sentences are void because the trial court did not properly consider all pertinent factors; (d) the factual basis for the State's death penalty request and his subsequent plea agreement to life imprisonment without the possibility of parole is erroneous; (e) the trial court failed to articulate findings justifying the sentence of life imprisonment without parole; and (f) the sentence is inappropriate. The defendant requests that this Court vacate his life without parole sentence and remand the matter to the trial court for a new sentencing hearing. While focusing almost exclusively on challenges to the proceedings related to his life sentence, the defendant does include a general request that this Court vacate both this sentence and the 180 years aggregate sentence on the other counts. Brief of Appellant at 9, 61,62. We further note that, with respect to the defendant's claims seeking retroactive application of Blakely, such claims are foreclosed in subsequently filed Post-Conviction Rule 2 belated appeals. Gutermuth v. State, 868 N.E.2d 427, 435 (Ind. 2007).

the Court of Appeals granted the defendant's motion to file a successive petition for post-conviction relief. Fifteen months later, the trial court dismissed the proceeding because of the defendant's failure to prosecute it. The Court of Appeals affirmed. Sholes v. State, 779 N.E.2d 981 (Ind. Ct. App. 2002), *trans. denied,* 812 N.E.2d 800 (Ind. 2004), *cert. denied*, 543 U.S. 882 (2004).

The defendant commenced the present proceeding in May 2005, when he sought appointment of counsel to bring this belated appeal, and in October 2006, the trial court eventually granted him permission to file a belated notice of appeal under P.C.R. 2. Because this is a criminal appeal from a sentence of life imprisonment without parole, this Court has exclusive jurisdiction of the appeal. Ind. Appellate Rule 4(A)(1)(a) (2006). The Court of Appeals had jurisdiction over the defendant's prior appeals because they were appeals from post-conviction proceedings and did not involve a death sentence. *Id.* and App. R. 5(A).

On cross-appeal, the State contends that the trial court violated Indiana Post-Conviction Rule 2 when it granted the defendant permission to file a belated appeal. Indiana Post-Conviction Rule 2 states, in pertinent part:

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.
> Section 1. Belated notice of appeal.
> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court where:
>> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
> The trial court shall consider the above factors in ruling on the petition . . . [.]
> If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

P-C.R. 2 (2006).

To address whether the trial court erred in granting permission for a belated appeal, we separately consider the defendant's request to appeal his life imprisonment without parole sentence from his request to appeal his other term-of-years sentences.

**1.  Sentence to Life Imprisonment Without Parole**

With respect to the defendant's challenge to his life imprisonment without parole sentence imposed for Count II, we find that the trial court improperly granted permission to file a belated appeal because, regardless of whether the defendant was not at fault for the delay or whether he was diligent in seeking permission to file a belated appeal, satisfaction of these prerequisites authorizes permission for a belated appeal only if the defendant is "eligible."  Eligibility for the belated filings permitted by Rule 2 is satisfied only if the defendant "would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal."  P-C.R. 2.

Where a plea agreement includes a defendant's agreement to a specific sentence, such defendant may not challenge the sentence by means of a timely or belated direct appeal.  Hole v. State, 851 N.E.2d 302, 303 (Ind. 2006); Allen v. State, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007), *trans. not sought*.  *See also*  Jones v. State, 675 N.E.2d 1084, 1089 (Ind. 1996) (cannot challenge validity of guilty plea by direct appeal).  Direct appeal challenges to sentences following guilty pleas have been permitted only in "open pleas," that is, for sentences following plea agreements under which the trial court exercised sentencing discretion.  *See, e.g.*, Kling v. State, 837 N.E.2d 502, 506 (Ind. 2005); Gutermuth v. State, 817 N.E.2d 233, 234 (Ind. 2004); Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004); Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996).

The defendant's sentence to life without parole did not result from such an "open plea," but rather from his explicit plea agreement that, for the murder of fireman John Swan, the defendant would be sentenced to life imprisonment without parole.  This "closed" plea for a fixed sentence thus precludes the defendant from challenging his resulting sentence by direct appeal,

- 4 -

whether timely or belated. Because the defendant does not have a right to challenge on direct appeal this sentence after a plea of guilty, he is not "eligible" to seek permission for a belated appeal to challenge his life imprisonment sentence on Count II under P-C.R. 2. For this reason, it was improper to permit the defendant to file a belated appeal to challenge his sentence of life imprisonment without parole.

## 2. Sentences other than Life Imprisonment Without Parole

On Counts I, III, and IV, the defendant was sentenced to a term of years pursuant to his plea agreement in which he agreed to plead guilty to these charges, acknowledged the possible sentencing ranges, and expressly agreed that the resulting sentences would be served consecutively. But the agreement did not specify any fixed sentences for these charges, thus calling for the trial court to exercise sentencing discretion. As to these counts, his was thus an "open" plea. Because a defendant may challenge by direct appeal a sentence resulting from an open plea, the defendant is "eligible" under Rule 2 to request permission for a belated appeal to challenge these sentences.

The State contends that because the defendant failed to establish diligence in pursuing his request for belated appeal, the trial court was clearly erroneous in permitting the belated appeal. The State argues that the defendant could have challenged his sentences by petition for post-conviction relief under existing law, but failed to do so.

In response, the defendant contends that the State waived its claim regarding diligence by failing to specifically raise it at the trial court. Alternatively, the defendant argues that he was diligent because he promptly sought permission to file a belated appeal in less than seven months after Collins was decided and after Indiana Post-Conviction Rule 2 was amended to explicitly permit belated appeals as to sentences as well as convictions.[4] He acknowledges that his sen-

---

[4] Effective January 1, 2005, Ind. P-C.R. 2 was amended by the addition of an introductory paragraph as follows:

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct

tencing-related claims had been exhausted or otherwise barred by the doctrines of res judicata or waiver following his unsuccessful attempts for post-conviction relief, but claims that Collins and the rule change were indeed to provide a new remedy for defendants similarly situated. The defendant argues that he exercised diligence "in requesting permission to file a belated notice of appeal, once Collins and Kling determined the correct procedure and once Indiana Post-Conviction Rule 2's 2005 language afforded Sholes the right to challenge his sentence." Appellant's Reply Brief at 19.

In Moshenek v. State, 868 N.E.2d 419 (Ind. 2007), we explained the procedure applicable to requests by eligible defendants for permission to file belated appeals.

> The decision whether to grant permission to file a belated notice of appeal . . . is within the sound discretion of the trial court. The defendant bears the burden of proving by a preponderance of the evidence that he [1] was without fault in the delay of filing and [2] was diligent in pursuing permission to file a belated motion to appeal. There are no set standards of fault or diligence, and each case turns on its own facts.

868 N.E.2d at 422-423 (included citations omitted). On appeal, a trial court's ruling on a petition for permission to file a belated notice of appeal "will be affirmed unless it was based on an error of law or a clearly erroneous factual determination (often described in shorthand as 'abuse of discretion')." Moshenek, 868 N.E.2d at 423-24.

In its order granting the defendant permission to file a belated appeal, the trial court did not address whether the defendant had established the diligence prerequisite. But as to the "without fault in the delay" requirement, the trial court impliedly found that the defendant was without fault in the delay due to the sentencing court's failure to expressly inform the defendant that he could contest on direct appeal the exercise of sentencing discretion. As explained in Moshenek, the "fact that a trial court did not advise a defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal. However, a defendant still must establish diligence." Moshenek, 868 N.E.2d at 424.

---

> appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

The rule was also amended by substituting "eligible defendant" for defendant in pertinent provisions. Prior to these amendments there was no "eligibility" prerequisite. The defendant initiated this proceeding for belated appeal five months after the rule amendment.

We decline to apply waiver to excuse the defendant's failure to establish the diligence required by Post-Conviction Rule 2(1)(b) as a prerequisite for permission to pursue a belated appeal.

The facts of the present case are strikingly parallel to those in <u>Witt v. State</u>, 867 N.E.2d 1279 (Ind. 2007), in which we held that the trial court should not have granted Witt permission to file a belated appeal. Witt plead guilty in 1996 but left the issue of sentencing to the trial court's discretion. Our <u>Collins</u> decision in 2004 held that the proper procedure for challenging such sentences was to file a direct appeal. Noting that the trial court, several years before <u>Collins</u>, had advised Witt that he could not file a direct appeal for review of his sentence, this Court recognized that Witt was "not at fault for failing to pursue what he was told would be improper appellate procedure." <u>Witt</u>, 867 N.E.2d at 1282. But we found that Witt had failed to satisfy the diligence prerequisite for filing a belated appeal under Rule 2:

> Witt, however, has not demonstrated that he has complied with the second prong of Post-Conviction Rule 2. The trial court did not make any findings of fact regarding the second prong of Post-Conviction Rule 2 but compliance with the second prong is also a prerequisite for permission to pursue a belated appeal. Nothing in the record suggests that Witt attempted to challenge his sentence until nine and one-half years after it was entered when he filed the petition at issue here. Notably, Witt did not petition the trial court for post-conviction relief pursuant to Post-Conviction Rule 1 even though the trial judge, at the sentencing hearing, told him that he had that vehicle available to challenge his sentence. Accordingly, Witt has failed to demonstrate that he was diligent in requesting permission to file a belated notice of appeal as required by Post-Conviction Rule 2(1)(b).

*Id.*

In the present case, the trial court told the defendant at the preliminary guilty plea hearing that by pleading guilty, he was giving up his right to "take an appeal." Appellant's App'x at 78. The defendant acknowledges knowing that a challenge to his sentence may properly be presented through collateral attack. Furthermore, in the defendant's memorandum of law in support of his petition for permission to file a belated appeal, the defendant asserted that "consistent with everything he had been told by the trial court judge and everything he heard from everyone in the jail who seemed to know anything about the law, Post-Conviction Rule (1) was the appropriate avenue in which to challenge the validity of the sentence imposed if a defendant pleaded guilty."

- 7 -

Appellant's App'x at 54. And this view was widely held until Collins in 2004. Until then, there was Court of Appeals authority (albeit conflicting) that a defendant could have challenged his term-of-years sentences through post-conviction relief proceedings. Collins, 817 N.E.2d at 232.

But the defendant's 1998 petition for post-conviction relief did not assert any challenges to the trial court's discretion in determining the term-of-years sentences. Record at 28-29, 37-38. His post-conviction claims consisted of asserting ineffective assistance of trial counsel due to an alleged conflict of interest, an involuntary guilty plea due to alleged incomplete or erroneous information and coercion, and inadequate findings of aggravating and mitigating circumstances in support of his sentence to life imprisonment without parole. *Id.* In denying the petition, the post-conviction court noted that, while not raised in the defendant's petition for post-conviction relief, the adequacy of findings for the life without parole sentence was raised during the hearing, and the post-conviction court denied this claim. Order Denying Petition for Post-Conviction Relief, Record at 38, 42-43. His appeal presented two issues, ineffective assistance of trial counsel[5] and voluntariness of his guilty plea, neither of which challenged the trial court's discretion in determining the term-of-years sentences. Sholes v. State, 720 N.E.2d 1281, slip. op. at 2 (Ind. Ct. App. 1999), *trans. denied*, 735 N.E.2d 229 (Ind. 2000).

In 2000, the defendant sought and eventually received permission to file a successive petition for post-conviction relief on the issue of ineffective assistance of post-conviction counsel. The defendant's ensuing massive petition denominated over ninety-nine claims, among which he contends were several sentencing claims. Of the fifteen such claims identified by the defendant, most were directed at the life without parole sentence, five might arguably be read to relate generally to all the sentences he received, and at least two clearly were directed to all of his sentences. Appellant's App'x, Cause No. 85A02-0111-PC-740, 44-71. But this successive post-conviction proceeding was subsequently dismissed due to the defendant's lack of diligence in prosecuting the claim, and the Court of Appeals affirmed. Sholes v. State, 779 N.E.2d 981 (2002), *trans. denied,* 812 N.E.2d 800 (2004). The defendant's claimed assertion of sentencing

---

[5] According to the Court of Appeals, the defendant claimed that "his trial counsel was ineffective for misadvising him regarding potential defenses, for failing to fully investigate mitigating evidence, for allowing him to waive his right to present mitigating evidence at the guilty plea hearing, and for failing to adequately advise him of the ramifications of pleading guilty." Sholes, 720 N.E.2d 1281, slip. op. at 4.

issues in a proceeding dismissed due to his lack of prosecution does not satisfy the diligence requirement for bringing a belated appeal to challenge his term-of-years sentences.

The record thus establishes that for more than eight years from the date of his sentences in 1997 until 2006 when he sought permission to file this belated appeal, the defendant failed to challenge his term-of-years sentences on Counts I, III, and IV. In view of this fact, and the trial court's failure to find that the defendant had established the diligence prerequisite of P-C.R. 2(1)(b), we conclude, as we did in <u>Witt</u>, that the defendant has failed to demonstrate that he was diligent in requesting permission to file a belated notice of appeal, and thus the trial court should not have granted his motion for permission to file a belated appeal challenging his sentences on Counts I, III, and IV.

**Conclusion**

Concluding that the defendant was not eligible to file a belated appeal of his sentence to life imprisonment without parole on Count II, and that the defendant failed to establish the diligence element required for permission to challenge his term-of-years sentences on Counts I, III, and IV, we dismiss the appeal.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.