ATTORNEY FOR APPELLANT
L. Ross Rowland
Muncie, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General



FILED
Oct 07 2008, 1:52 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 18S00-0804-CR-151

LARRY W. NEWTON,                    *Appellant/Defendant,*

v.

STATE OF INDIANA,                   *Appellee/Plaintiff.*

Appeal from the Delaware Circuit Court, No. 18D01-9410-CF-46
The Honorable Robert L. Barnet, Judge

On Direct Appeal

**October 7, 2008**

**Dickson, Justice.**

In this direct appeal, defendant Larry Newton appeals the trial court's order vacating its permission for the defendant to file a belated appeal.[1] We find that the trial court correctly rescinded its order and struck the belated appeal because it lacked authority to grant the defendant's request presented more than thirty days after final judgment. In addition, the defendant fails to present cogent argument as to the issue raised in this appeal. Ind. Appellate Rule 46(A)(8)(a).

On December 29, 1995, the defendant was sentenced to life without the possibility of parole ("LWOP") in accordance with his plea agreement, for the murder of Christopher Coyle. For

---

[1] This appeal was initially submitted to the Indiana Court of Appeals, but the Clerk of Courts diverted it to the Indiana Supreme Court pursuant to Ind. Appellate Rule 4(A)(1)(a).

the offenses of class A felony conspiracy to commit robbery and class B felony criminal confinement, following his plea of guilty but without a fixed sentence, the trial court imposed sentences of forty-five and twenty years, respectively, to run consecutive to each other and the LWOP sentence. The defendant did not bring a direct appeal but did unsuccessfully pursue two post-conviction proceedings. Thereafter, on April 9, 2007, the defendant, *pro se*, sought to file a belated notice of appeal, asserting a single issue: "Whether the trial court erred when sentencing Petitioner to consecutive sentences totaling 65 years and consecutive to a sentence of life without parole." Appellant's App'x at 1136. Following the appointment of a public defender, the trial court held a hearing on September 6, 2007, and entered judgment on October 5, 2007, denying the defendant's April 9 request for permission to file a belated appeal. No appeal was perfected within thirty days as required by App. R. 9(A).

On November 15, 2007, the defendant, by counsel, filed a new request to file a belated notice of appeal, noting that "it was through inadvertence and mistake of this Public Defender that a Notice of Appeal was not filed in a timely manner." *Id.* at 1182. The trial court granted this request and on December 3, the defendant filed a notice of appeal "from the final determination of the Delaware Circuit Court No. 3 dated October 5, 2007." *Id.* at 1185. On December 10, 2007, however, the trial court *sua sponte* entered an order setting aside its November 30 order that had granted the defendant's permission to file a belated appeal and striking the December 3 notice of appeal. The trial court noted that under Ind. Post-Conviction Rule 2 it did not have the authority to grant the November 15 request. Indiana Post-Conviction Rule 2 permits a defendant to request permission to bring a belated appeal to challenge "a conviction or sentence after a trial or plea of guilty." The defendant sought such permission by his petition of April 9, 2007. The defendant could have disputed such denial by timely appealing, but he failed to do so. The defendant's subsequent November 15 request for permission to belatedly appeal is not a challenge to "a conviction or sentence" but rather seeks to dispute the court's denial of the defendant's request for belated appeal, and thus is not authorized by Rule PC 2.

On January 9, 2008, the defendant, by counsel, filed an additional notice of the present appeal, "from the final determination of the Delaware Circuit Court No. 3 dated December 10, 2007 (the order rescinding permission to file a belated notice of appeal)." But the appellant's

brief wholly fails to address the propriety of the trial court's order of December 10, 2007 and instead focuses solely on the merits of the earlier October 5 denial of permission to file belated notice of appeal, an issue procedurally defaulted by the defendant's failure to timely appeal. As to the issue that is the subject of this appeal, the propriety of the trial court's December 10 order, withdrawing permission and striking the defendant's December 3 request to file a belated appeal of the October 5, 2007 judgment, the defendant fails to present any argument, cogent or otherwise, as required by Indiana Appellate Rule 46(A)(8)(a). We therefore decline to consider this purported appeal.

It is ordered that this appeal be dismissed.

Boehm, J., concurs. Shepard, C.J., concurs with separate opinion. Sullivan, J., concurs in result with separate opinion. Rucker, J., dissents with separate opinion.

**SHEPARD, Chief Justice, concurring.**

Lest there be left some concern that the appellate rules and legal neglect have somehow conspired to work an injustice, the reader should know what the underlying issue is. Newton is seeking review of whether his sixty-five years for conspiracy and confinement should be served <u>concurrent</u> <u>with</u> rather than <u>after</u> life without parole for murder.

In 1994, Newton and a fellow member of the Fly Gang went to Ball State University intending to rob and kill someone. When the student they accosted had only car keys and pocket change, Newton shot him in the back of the head.

Newton's lawyer managed to negotiate a plea agreement that dismissed the State's death penalty request, in return for accepting LWOP for murder and open sentencing on the other felonies. The trial judge approved this deal, and made a bleak assessment of Newton as someone who "from a very young age" showed "singular disregard for the law" and "complete disregard for the rights of other people." Newton has had a chance to challenge the effectiveness of the lawyer who represented him and the voluntary and intelligent nature of his own decision.

**Sullivan, Justice, concurring in result.**

My analysis is somewhat different than the Court's, but I reach the same result.

As the Court's opinion makes clear, Newton seeks to reverse the trial court's denial of his request to file a belated appeal. A belated appeal from what? From the trial court's denial of his request to file a belated appeal. That is, after the trial court denied his request to file a belated appeal, he did not timely file an appeal from the court's denial. He then asked the trial court for permission to appeal the court's denial. The trial court concluded that it was without power to grant such permission and today the Court agrees.

I believe the Court gives our Post-Conviction Rule 2 too near-sighted a reading. The intent of the rule is to preserve the right to appeal to any person who fails to file a timely appeal through no fault of his or her own and who is diligent in requesting permission to file a belated appeal. While it is true that Newton is not challenging a conviction or sentence, what is at stake here is the right to challenge a conviction or sentence and I hold P-C.R. 2 available in such a circumstance.

While I would review the trial court's denial of Newton's initial request to file a belated appeal, I would hold as a matter of law that the trial court was correct to deny it.

In 1995, Newton pled guilty to murder, conspiracy to commit robbery, and criminal confinement. The plea agreement included petitioner's agreement to a sentence of life without parole. Sentencing on the other counts was left to the trial court's discretion. In 2001, Newton filed a petition for post-conviction relief that did not raise a sentencing claim; this petition was denied in 2002.

He now seeks permission to file a belated appeal. If the basis of Newton's request had been to challenge his original convictions, permission would have been properly denied because, since his convictions were the result of a guilty plea, they could not be challenged on direct appeal. Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996) (convictions resulting from guilty pleas

cannot be challenged on direct appeal but only in proceedings under P-C.R. 1).  If the basis of Newton's request had been to challenge his sentence for murder, permission would have been properly denied because, since the term of his sentence was fixed by the plea agreement, it could not be challenged on direct appeal.  Sholes v. State, 878 N.E.2d 1232, 1234 (Ind. 2008) (a plea agreement for a fixed sentence precludes a defendant from challenging his resulting sentence by direct appeal, whether timely or belated).  As it is, the basis of Newton's request was to challenge his sentences for conspiracy and confinement, the terms of which were not fixed by the plea agreement.

It is true that in Collins v. State, this Court held that a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the sentence is not fixed by the plea agreement.  817 N.E.2d 230, 231 (Ind. 2004) (citing Tumulty, 666 N.E.2d at 395-96).  And while it is also true that a person convicted after a guilty plea who fails to file a timely appeal can seek permission to file a belated appeal, receiving that permission – as noted above – requires: (1) that the failure to file a timely appeal was through no fault of his or her own; and (2) that he or she was diligent in requesting permission to file a belated appeal.  P-C.R. 2(1); Witt v. State, 867 N.E.2d 1279, 1281 (Ind. 2007) (citing Collins, 817 N.E.2d at 233).

Newton has not been diligent in requesting permission to file a belated appeal because, when he petitioned for post-conviction relief in 2001, he did not raise any challenge to his sentence.  (Note that this was before Collins resolved a split of authority over whether a sentence entered following an open plea was to be reviewed on direct appeal or in post-conviction proceedings.)  For that reason, I would affirm the trial court's denial of Newton's request to file a belated appeal.

**Rucker, Justice, dissenting.**

In 1995, at the age of nineteen, Larry Newton pleaded guilty to murder, attempted robbery as a Class A felony, conspiracy to commit robbery as a Class A felony, and criminal confinement as a Class B felony. Under terms of a plea agreement the State dismissed its request for the death penalty and Newton was sentenced to life without parole for the murder conviction. Merging the attempted robbery into the conspiracy, the trial court sentenced Newton to a total term of sixty-five years for conspiracy and criminal confinement to be served consecutive to the life sentence.

Because of a combination of procedural errors, some which rest with Newton's lawyers, Newton's sentence has never received appellate scrutiny. I see no harm to the judicial process in allowing this case to proceed. Accordingly I respectfully dissent and would enter an order directing the trial court to grant Newton's request to file a belated appeal.