SULLIVAN, Justice,
concurring in result.
My analysis is somewhat different than the Court’s, but I reach the same result.
As the Court’s opinion makes clear, Newton seeks to reverse the trial court’s denial of his request to file a belated appeal. A belated appeal from what? From the trial court’s denial of his request to file a belated appeal. That is, after the trial court denied his request to file a belated appeal, he did not timely file an appeal from the court’s denial. He then asked the trial court for permission to appeal the court’s denial. The trial court concluded that it was without power to grant such permission and today the Court agrees.
I believe the Court gives our Post-Conviction Rule 2 too near-sighted a reading. The intent of the rule is to preserve the right to appeal to any person who fails to file a timely appeal through no fault of his or her own and who is diligent in requesting permission to file a belated appeal. While it is true that Newton is not challenging a conviction or sentence, what is at stake here is the right to challenge a conviction or sentence and I hold P-C.R. 2 available in such a circumstance.
While I would review the trial court’s denial of Newton’s initial request to file a belated appeal, I would hold as a matter of law that the trial court was correct to deny it.
In 1995, Newton pled guilty to murder, conspiracy to commit robbery, and criminal confinement. The plea agreement included petitioner’s agreement to a sentence of life without parole. Sentencing on the other counts was left to the trial court’s discretion. In 2001, Newton filed a petition for post-conviction relief that did not raise a sentencing claim; this petition was denied in 2002.
He now seeks permission to file a belated appeal. If the basis of Newton’s request had been to challenge his original convictions, permission would have been properly denied because, since his convictions were the result of a guilty plea, they could not be challenged on direct appeal. Tumulty v. State, 666 N.E.2d 394, 396 (Ind.1996) (convictions resulting from guilty pleas cannot be challenged on direct appeal but only in proceedings under PC.R. 1). If the basis of Newton’s request had been to challenge his sentence for murder, permission would have been properly denied because, since the term of his sentence was fixed by the plea agreement, it could not be challenged on direct appeal. Sholes v. State, 878 N.E.2d 1232, 1234 (Ind.2008) (a plea agreement for a fixed sentence precludes a defendant from challenging his resulting sentence by direct appeal, whether timely or belated). As it is, the basis of Newton’s request was to challenge his sentences for conspiracy and confinement, the terms of which were not fixed by the plea agreement.
It is true that in Collins v. State, this Court held that a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court’s sentencing decision where the sentence is not fixed by the plea agreement. 817 N.E.2d 230, 231 (Ind. *195 2004) (citing Tumulty, 666 N.E.2d at 395-96). And while it is also true that a person convicted after a guilty plea who fails to file a timely appeal can seek permission to file a belated appeal, receiving that permission — as noted above — requires: (1) that the failure to file a timely appeal was through no fault of his or her own; and (2) that he or she was diligent in requesting permission to file a belated appeal. PC.R. 2(1); Witt v. State, 867 N.E.2d 1279, 1281 (Ind.2007) (citing Collins, 817 N.E.2d at 233).
Newton has not been diligent in requesting permission to file a belated appeal because, when he petitioned for post-conviction relief in 2001, he did not raise any challenge to his sentence. (Note that this was before Collins resolved a split of authority over whether a sentence entered following an open plea was to be reviewed on direct appeal or in post-conviction proceedings.) For that reason, I would affirm the trial court’s denial of Newton’s request to file a belated appeal.