**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH W. GILLAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1203-CR-143 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-1007-FC-15

**October 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Kenneth Gilland appeals the trial court's order requiring him to pay $20,541.62 in restitution. We affirm in part, reverse in part, and remand.

**Issue**

Gilland raises two issues, which we consolidate and restate as whether the trial court properly ordered him to pay $20,541.62 in restitution.

**Facts**

On April 16, 2010, after injuring James Sprague in an automobile accident, Gilland was charged with Class A misdemeanor operating a motor vehicle while endangering a person, which was enhanced to a Class D felony based on a prior conviction, and Class A misdemeanor driving while suspended. The State later added charges of Class A misdemeanor operating a vehicle with an alcohol concentration equivalent of at least .15, which was enhanced to a Class D felony based on a prior conviction, Class D felony causing serious bodily injury when operating a motor vehicle while intoxicated, which was enhanced to a Class C felony based on a prior conviction, and Class D felony causing serious bodily injury when operating a vehicle with an alcohol concentration equivalent of .08 or more, which was also enhanced to a Class C felony based on a prior conviction.

On October 4, 2011, a written plea agreement was filed with trial court showing that Gilland would plead guilty to Class C felony operating a motor vehicle while intoxicated causing serious bodily injury. The agreement specified Gilland's sentence and required him to pay "restitution in the amount of $9949.62 to James Sprague." App.

2

p. 86 (capitalization altered). A handwritten question mark was written by the restitution term.

At an October 8, 2011 change of plea hearing, the terms of the plea agreement were discussed. On the issue of restitution, the following exchange took place:

> Court: Alright, well, let's deal with the restitution just for a second. The plea agreement says ninety-nine hundred and forty-nine dollars and sixty-two cents. I understand from our discussion in chambers that there may be an issue and I just want to make a clear record of that, I want you to tell me what is going on with restitution, and I will decide what I'm going to do here.
>
> State: Judge, I think the reason why there is a dispute in the restitution is that there is a legal issue. Uh, Mr. Gill.., or not Mr. Gilland, Mr. Sprague has received a settlement, civil settlement from uh, the Defendant's insurance company. And that he was after, everything was devyied [sic] up between payment to the insurance company, uh, for medical expenses, and to his attorney fees. He received a significant amount left over for pain and suffering. Um, he is now asking for an additional amount that is out of pocket cost, um, expenses that he has since incurred, uh, in addition to what was paid directly to the insurance company for the portion that they actual paid themselves. Uh, there is a case that, I think, the disagreement is that since he has already received a portion from his civil settlement, and he is now asking for additional money from uh, the criminal restitution, that there may be a legal issue uh, for you to decide. I have case law that supports my position that he is allowed to ask for this additional amount of money.
>
> Court: [Defense Counsel]?
>
> [Defense Counsel]: Judge, that is correct, it needs to be reviewed by the attorneys and then submitted to the Court to see whether or not he can get additional restitution after there has been a settlement through an insurance company and he was given a check for those issues.

3

Tr. pp. 62-63.  The trial court took the plea under advisement, and the parties agreed to submit case law and brief on what the trial court characterized as the "legal issue with regard to restitution."  Id. at 65.  The trial court set the sentencing hearing for November 1, 2011, and explained that it would "review the case law on the issue of the restitution and determine whether or not that is a valid claim for restitution, whether or not [it] can order restitution."  Id.

On October 14, 2011, the State submitted a notice identifying three cases in support of its position on restitution.  Gilland did not file a brief or a written response on the issue of restitution.

At the November 1, 2011 hearing, the State explained that it believed the hearing was going to be legal argument about restitution and asked the trial court to accept the plea and to set the matter for a restitution hearing.  The trial court then accepted the plea, entered judgment of conviction, and sentenced Gilland to the term specified in the plea agreement.  Defense counsel then asked the trial court to "leave the restitution amount open right now" and to resolve it after a hearing.  Id. at 80.

The restitution hearing was eventually held on February 21, 2012.[1]  Sprague testified about his injuries and damages and about his civil settlement with Gilland's insurer.  At this hearing, Sprague requested restitution in the amount of $4,088.04 for out-of-pocket expenses, $5,861.58 for the difference between the purchase price and sale price of the motorcycle he was riding at the time of the accident, and $10,800.00 for lost

---

[1]  Gilland had previously waived his right to be present at the hearing because of his incarceration.

overtime wages.[2] The State then argued that Sprague was entitled to receive restitution in addition to the civil settlement. Defense counsel argued that Sprague had been compensated for his out of pocket expenses and the damage to his motorcycle through the civil settlement. At the conclusion of the hearing, the trial court ordered Gilland to pay restitution in the amount of $20,541.62 for the out-of-pocket expenses, the loss on the sale of the motorcycle, and the lost overtime wages. Gilland now appeals.

**Analysis**

On appeal, Gilland asserts that the trial court had the discretion to order restitution for the out-of-pocket expenses and the motorcycle's loss in value up to the plea agreement's cap of $9,949.62. Gilland argues, however, that the trial court violated the terms of the plea agreement by including lost overtime wages in the restitution order because they were not contemplated by the agreement.[3] He also claims that the evidence does not support an award of restitution for the motorcycle's loss in value or the lost overtime wages.

In response, the State acknowledges that, if the amount of restitution was set in the plea agreement, the trial court would have been required to order restitution in that amount. The State argues, however, that the amount of restitution was not a term of the plea agreement and was discretionary because at the November 1, 2011 hearing defense

---

[2] The out-of-pocket expenses and loss in value of the motorcycle total $9,949.62, the amount of restitution specified in the written plea agreement.

[3] Gilland argues that, even though he did not object to the trial court's inclusion of lost overtime wages in the restitution order, it was fundamental error to do so. However, because Gilland argued throughout the proceedings that no restitution should be ordered, the issue was properly preserved.

counsel requested to "leave the restitution amount open right now" and an evidentiary hearing on restitution eventually was conducted. Tr. p. 80. The State also argues that the evidence supports an award of restitution for the loss in value to the motorcycle and the lost overtime wages.

It is well-settled that plea agreements are in the nature of contracts entered into between the defendant and the State. Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004). "[A] plea agreement is contractual in nature, binding the defendant, the state and the trial court." Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994). "The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: 'If the court accepts a plea agreement, it shall be bound by its terms.'" Id. (quoting Ind. Code § 35-35-3-3(e)). The Pannarale court further observed:

> As the statute suggests, the trial court may at its discretion reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing.
>
> * * * * *
>
> Goldsmith and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later.

Id. Indiana Code Section 35-35-3-3(a) requires that a plea agreement for a felony charge be in writing.

6

Here, the written plea agreement specifically called for "restitution in the amount of $9949.62 to James Sprague." App. p. 86 (capitalization altered). Although the record reflects the parties' intent to argue the legal propriety of any award of restitution and the plea agreement itself has a handwritten question mark by the restitution term,[4] nothing in the plea agreement reflects an intent to leave the amount of restitution open to the trial court's discretion and capped at $9,949.62.

Had the parties intended to give the trial court discretion to determine the appropriate amount of restitution, either capped at $9,949.62 or unlimited, they should have included such terms in the written plea agreement. See Griffin v. State, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001) ("In order to avoid mistakes and misrepresentations with regard to such a binding agreement, counsel should reduce to writing all terms of a plea agreement."), trans. denied; Richardson v. State, 456 N.E.2d 1063, 1067 (Ind. Ct. App. 1983) ("Failure to reduce an agreement to writing, however, 'can lead to misapprehension, mistake, or even calculated misrepresentation.' Thus, in the interests of justice, the terms of such agreements should be placed of record before a sentence is imposed on the one pleading guilty. It is incumbent on both parties to see that the agreement's terms are recorded accurately." (citations omitted)). Based on the plain language of the plea agreement, we conclude that the parties did not agree to give the trial

---

[4] Gilland argues that the handwritten question mark on the agreement "indicated the parties' intent to argue the actual amount of restitution due." Appellant's Br. p. 7. Given the procedural posture of this case, however, it is unclear who put the question mark there, when it was put there, or the specific context in which it was put there. Under these circumstances, we decline to the give the question mark any legal effect.

court the discretion to determine the amount of restitution; instead, the plea agreement fixed the amount of restitution at $9,949.62.

Further, even if we assume the question of the legal propriety of a restitution award was not required to be included in the written plea agreement, at all times prior to the trial court's acceptance of the guilty plea the record reflects the parties intent to argue only the legal propriety of an award of restitution. The unresolved issue discussed at the October 2011 guilty plea hearing was a legal question, which, if answered in Gilland's favor, would have precluded the trial court from ordering restitution at all. Thus, at most the parties' agreement authorized the trial court to order no restitution or to order restitution in the amount of $9,949.62. When the trial court accepted the plea agreement, it was bound by the terms of that agreement. See I.C. § 35-35-3-3(e); Pannarale, 638 N.E.2d at 1248. Thus, the trial court was not authorized to award restitution in the amount of $20,547.62. See P.J. v. State, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011) (observing that, where juvenile court accepted a plea agreement calling for the payment of a specific amount of restitution instead of leaving the amount to the court's discretion, the court was "strictly bound by the plea's sentencing provisions and precluded from exercising discretion to determine the amount of restitution"); Gipperich v. State, 658 N.E.2d 946, 950 (Ind. Ct. App. 1995) (reversing portion of sentencing order requiring payment of fines where the accepted plea agreement contained no such provision and only called for payment of counseling fees and costs), trans. denied.

We are not persuaded by the State's argument that restitution was not a term of the plea agreement because defense counsel requested the trial court to "leave the restitution

8

amount open right now"[5] and an evidentiary hearing was eventually conducted. Tr. p. 80. These events occurred after the trial court accepted the plea agreement. Without citation to legal authority by the State, we fail to see how these events somehow altered the terms of the accepted plea agreement so as to give the trial court the unfettered discretion to award any amount of restitution.

As for Gilland's challenge to the award of restitution for the motorcycle's loss in value, "[w]here a plea agreement includes a defendant's agreement to a specific sentence, such defendant may not challenge the sentence by means of a timely or belated direct appeal." Sholes v. State, 878 N.E.2d 1232, 1235 (Ind. 2008). "Direct appeal challenges to sentences following guilty pleas have been permitted only in 'open pleas,' that is, for sentences following plea agreements under which the trial court exercised sentencing discretion." Id. Thus, because Gilland agreed that the amount of restitution would be fixed at $9,949.62 notwithstanding the unresolved legal question, he may not argue on appeal that the trial court abused its discretion in ordering him to pay restitution for the loss in value to the motorcycle.

In sum, the terms of the plea agreement specified restitution in the amount of $9,949.49. To the extent the parties agreed to leave open the legal question regarding the propriety of restitution, upon accepting the plea agreement, the trial court was permitted to either deny restitution or award restitution in the amount of $9,949.62. The trial court

---

[5] The State seems to suggest that this request indicates an intent by Gilland to give the trial court discretion to determine the amount of restitution. This statement, however, could also be construed as preserving the legal question the parties had previously discussed.

did not have the discretion to award restitution in any other amount. Therefore, the trial court's award of restitution for lost-overtime wages was improper. Similarly, because the plea agreement fixed the amount of restitution at $9,949.62, Gilland may not now challenge the sufficiency of the evidence to support restitution for the loss in value to the motorcycle.[6] Pursuant to the terms of the plea agreement, the proper amount of restitution is $9,949.62.

## Conclusion

Because the plea agreement called for restitution in the amount of $9,949.62, the trial court did not have the authority to order restitution in the amount of $20,541.62. Further, because Gilland agreed to pay restitution in the amount of $9,949.62, he may not challenge the portion of that amount that relates to the loss in value of the motorcycle on appeal. We affirm in part, reverse in part, and remand with instructions to reduce the restitution order to $9,949.62.

Affirmed in part, reversed in part, and remanded.

VAIDIK, J., and MATHIAS, J., concur.

---

[6] Gilland does not argue on appeal that an award of restitution is legally impermissible because Sprague received a civil settlement. In fact, he does not challenge the award of restitution for the out-of-pocket expenses.