BAILEY, Judge,
dissenting.
[21] I agree with the State that the Indiana Post-Conviction rules do not entitle Strong to challenge a nominal fine on belated appeal. See Reed v. State, 856 N.E.2d 1189, 1193 (Ind.2006) (observing that post-conviction proceedings do not afford a petitioner a “super-appeal” and that the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions). In my view, dismissal is appropriate. I therefore respectfully dissent.
[22] Indiana Post-Conviction Rule l(l)(a) specifies to whom the remedy of postconviction relief is available, that is: “Any person who has been convicted of, or sentenced for, a crime by a court of this state [who makes certain specified claims].” (emphasis added.) Post-Conviction Rule 2, under which Strong sought relief, defines an eligible defendant as one who, but for his or her failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty, (emphasis added.) Our post-conviction rules afford relief in limited circumstances to those convicted of and punished for crimes.
[23] “[T]raffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a preponderance of the evidence.” Rosenbaum v. State, 930 N.E.2d 72, 74 (Ind.Ct.App.2010), trans. denied.[5] Strong was not convicted of, or punished for, a crime, so as to bring him ■within the purview of our post-conviction rules. P-C.R. 1. Dismissal is the appropriate remedy. See Witt v. State, 867 N.E.2d 1279, 1282 (Ind.2007) (finding dismissal to be the appropriate remedy where a litigant failed to satisfy the requirements of Post-Conviction Rule 2).
[24] As the majority has observed, the trial court was unaware of the issue upon which the post-conviction petition would proceed. But when presented to this Court, it is clear that the only issue upon which the petitioner can be afforded relief involves a civil infraction. Broadening the post-conviction rules by judicial fiat will foster belated collateral challenges to any infraction, undermine the principle of finality, and increase strain upon limited judicial resources.
[23] Accordingly, I dissent.

. I acknowledge that Appellate Rule 2(G) defines criminal appeals to include infractions. The provision includes limiting language: "This definition is for ease of reference and does not change the substantive rights of the parties.” Id. Moreover, a perceived conflict between rules would be resolved with the more specific rule governing over the more general. See DeLage Landen Fin. Serv., Inc. v. Community Mental Health Center, Inc., 965 N.E.2d 693, 698 (Ind.Ct.App.2012) (observing that "when two rules cover the same subject matter and one does so generally where the other does so specifically, the more specific rule prevails.") Strong's appeal, which might otherwise have been brought as a direct appeal of a civil infraction, is-due to its procedural posture-one which specifically invokes the post-conviction rules.