## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 05 2016, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert Summerfield
CGS Law Group
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Eugene Shaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 5, 2016

Court of Appeals Case No.
48A02-1512-CR-2051

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1402-FB-335

**Robb, Judge.**

# Case Summary and Issue

[1] Jason Shaw pleaded guilty to two counts of armed robbery, Class B felonies, and the trial court sentenced him to ten years executed in the Indiana Department of Correction. On appeal, Shaw raises the sole issue of whether the trial court abused its discretion in failing to enter a sentencing statement. Concluding Shaw waived his right to appeal his sentence, we dismiss his appeal.

# Facts and Procedural History

[2] On February 19, 2014, Shaw and an accomplice broke into the home of Leroy Smith. Shaw was armed with a rifle, and the pair attempted to rob Smith and his friend. Thereafter, Smith and his friend thwarted the robbery by attacking Shaw and his accomplice, causing them to flee. Law enforcement later apprehended Shaw and the State charged him with two counts of armed robbery, both Class B felonies.

[3] On January 26, 2015, Shaw and the State entered into a written plea agreement pursuant to which Shaw agreed to plead guilty to two counts of armed robbery in exchange for a cap of ten years on any portion of the sentence ordered executed by the trial court. In addition, the plea agreement provided,

> [Shaw] hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Appellate Rule 7(B), so long as the Court sentences [Shaw] within the terms of this plea agreement. It is

further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement.

Appellant's Appendix at 50. At the plea hearing, the trial court advised Shaw of the various rights he was giving up by pleading guilty, and Shaw offered a factual basis for his offense. The trial court accepted Shaw's plea, entered judgment of conviction, and sentenced Shaw to twenty years on each count, with ten of those years suspended to probation. The trial court ordered the sentences to run concurrently, making Shaw's total executed sentence ten years.

[4] In November of 2015, Shaw petitioned the trial court to file a belated appeal. The trial court granted his petition and on December 2, 2015, Shaw filed his Notice of Appeal with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court. The State subsequently filed a motion to dismiss Shaw's appeal arguing, pursuant to his plea agreement, Shaw waived his right to appeal his sentence. This issue was presented to the motions panel of this Court, and on August 29, 2016, the motions panel denied the State's motion to dismiss and ordered the State to file its appellee's brief.

# Discussion and Decision

[5] Shaw argues the trial court abused its discretion by failing to enter a sentencing statement. The State cross-appeals and asks us to reconsider the motions panel's decision denying its motion to dismiss Shaw's appeal. In *Miller v. Hague Ins. Agency*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007), this court stated,

[e]ven though our motions panel has already ruled on this issue, [the appellee] is not precluded from presenting its arguments to us. *Smith v. Deem*, 834 N.E.2d 1100, 1103 (Ind. Ct. App. 2005), *trans. denied*. "It is well established that we may reconsider a ruling by the motions panel." *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), *trans. denied*. While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*. *See Davis v. State*, 771 N.E.2d 647, 649 n. 5 (Ind. 2002); *State v. Moore*, 796 N.E.2d 764, 766 (Ind. Ct. App. 2003), *trans. denied*.

[6] We agree with the State this appeal should be dismissed. Generally, "[w]here . . . a defendant pleads guilty to what has been characterized as an 'open plea' the freedom and latitude of the trial court to impose a particular sentence is readily apparent." *Childress v. State*, 848 N.E.2d 1073, 1078 (Ind. 2006) (footnote omitted). Moreover, even where a plea agreement sets forth a sentencing cap, the trial court still must exercise discretion in determining the sentence. *Id.* As a result, in either case, the defendant is "entitled to contest the merits of a trial court's sentencing discretion." *Id.* at 1078-79 (citation omitted); *cf. Sholes v. State*, 878 N.E.2d 1232, 1234 (Ind. 2008) (a plea agreement for a fixed sentence precludes a defendant from challenging his resulting sentence by direct appeal). However, a provision waiving the right to appellate review as part of a written plea agreement is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). Acceptance of a plea agreement containing a waiver

provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver. *Id.* at 77.

[7] Shaw's plea agreement provides,

> [Shaw] shall plead guilty as charged with a cap of ten (10) years on any part of the sentence ordered executed by the court.
>
> * * *
>
> [Shaw] hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Appellate Rule 7(B), so long as the Court sentences [Shaw] within the terms of this plea agreement. It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement.

Appellant's App. at 49-50. Shaw's plea agreement specifically provides he waives the right to appeal any sentence imposed by the trial court, provided the trial court sentences him within the terms of the plea agreement. The trial court sentenced Shaw to ten years executed on both counts of armed robbery, with the sentences to run concurrently. Therefore, Shaw will serve a total of ten years executed in the Department of Correction, precisely the amount of executed time allowed by the plea agreement. Because the trial court sentenced Shaw within the terms of his plea agreement, Shaw has waived his right to appeal his sentence.

# Conclusion

[8] Shaw waived his right to appeal his sentence, and his appeal is therefore dismissed.

[9] Dismissed.

Mathias, J., and Brown, J., concur.